(No. 18952.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* W. C. RETTICH, Plaintiff in Error.

*Opinion filed October 25, 1928.*

ALPHEUS GUSTIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES T. FLOTA, State's Attorney, and ROY D. JOHNSON, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, W. C. Rettich, was tried by a jury, convicted, and sentenced to be committed to the county jail of Saline county for a period of six months on each count of an information consisting of two counts, filed in the county court against Rettich by the State's attorney, charging him with violation of the Prohibition act by the unlawful possession of intoxicating liquor without the requisite permit. He brings the record to this court for review upon writ of error, assigning as error that his constitutional rights have been infringed upon by an unlawful search and seizure of his premises and that he was about to be deprived of his liberty without due process of law.

On May 23, 1927, Ray Snoddy made an affidavit before one of the justices of the peace of Saline county for a warrant to search plaintiff in error's premises, in which affidavit the place to be searched was described with particularity and in which it was stated that he had just and reasonable grounds to believe, and did believe, that intoxicating liquor was possessed, kept for sale, sold and disposed of for beverage purposes in violation of the Prohibition act, without a permit from the Attorney General so to do, and stated as his grounds for such belief that he purchased two quarts of intoxicating liquor called "home-brew," and paid fifty cents a quart for the same, from Rettich on the premises described in the affidavit, on May 23, 1927. A search warrant was issued thereon to the sheriff of Saline county, who executed the same by searching the premises, and in his return thereon stated that he

found as the result of such search sixty bottles of home-brew and three gallons of whisky.

Prior to entering upon the trial plaintiff in error made a motion to quash the search warrant and the complaint therefor, and asked that the intoxicating liquor obtained by the search and seizure be impounded and all evidence thereof be suppressed. This motion was overruled by the court. Plaintiff in error assigns the overruling of this motion as error. We do not deem it necessary to discuss this question further than to say that the affidavit and search warrant aptly described the premises and disclosed good ground for its issuance, and one of the deputy sheriffs who made the search testified on the trial, without objection, that he found sixty bottles of homebrew and three gallons of whisky on plaintiff in error's premises.

Plaintiff in error assigns as error that the court erred in denying him a change of venue. The abstract does not set out either the motion or its verification, and we are not required to search the record for errors not made manifest by the abstract.

After the verdict of the jury plaintiff in error made a motion for a new trial and filed in support thereof the affidavits of two jurors, to the effect that during the deliberations of the jury the foreman of the jury sent for the judge who presided at the trial of the case to come to the jury chamber, and that in response to the request the judge came to the door of the chamber and gave to the jury oral instructions, and plaintiff in error contends that by reason thereof he was about to be deprived of his liberty without due process of law. To constitute due process of law orderly proceedings according to established rules which do not violate fundamental rights must be observed, but a general law administered in its legal course according to the form of procedure suitable and proper to the nature of the case, conformable to the fundamental rules of right and affecting all persons alike, is due process of law. (*Wil-*

*mot* v. *City of Chicago,* 328 Ill. 552; *Italia America Shipping Corp.* v. *Nelson,* 323 id. 427.) The right to have the jury instructed in writing, and not orally, is not a right arising under the constitution but is a statutory right. When the jury retires to its jury room to consider its verdict it is improper for any juror to communicate with the judge, in writing or verbally, unless before the court in a body, (*Fisher* v. *People,* 23 Ill. 218,) and it is highly improper for a judge to come to the jury room and communicate with the jurors and give them instructions, and such conduct constitutes prejudicial error. In the instant case, however, the only evidence of such misconduct was the affidavit of the two jurors, and these affidavits were properly stricken from the record by the court on the ground that affidavits of jurors cannot be read to impeach the verdict of the jury. *Reins* v. *People,* 30 Ill. 256.

It is also contended by plaintiff in error that the judgment of the court is erroneous in that it does not specifically state whether the sentences under counts 1 and 2 shall run concurrently or successively. Where a sentence is for cumulative terms of imprisonment under several counts of an information the sentence should provide for a specified time of imprisonment under each count, the time under the second count to begin when the time under the first ends, and so on to the last, so that the term of imprisonment under one count shall begin when the term under the previous one ends, unless it is intended that the sentences shall run concurrently. (*People* v. *Elliott,* 272 Ill. 592.) The judgment in this case does not so provide. Plaintiff in error in his brief states that "it is proper, and it is the defendant's right, to have the same sent back for a proper judgment on the verdict." Plaintiff in error, however, has not specifically asked that the cause be remanded to the county court for re-sentence.

The evidence showing defendant's guilt is uncontradicted, and the jury could not reasonably have found a dif-

ferent verdict than the one which they rendered. We have carefully examined all of plaintiff in error's assignments of error and find no prejudicial error.

The judgment of the county court is therefore affirmed.

*Judgment affirmed.*