**WILCONS v. PENN MUT. LIFE INS. CO. et al.**
**No. 1795.**

Circuit Court of Appeals, Tenth Circuit.
June 7, 1939.

William Keith, Chas. G. Yankey, Harvey C. Osborne, John G. Sears, Jr., and Verne M. Laing, all of Wichita, Kan., for appellant.

Frank P. Barker, of Kansas City, Mo. (Dean McElhenny and Philip C. Gault, both of Topeka, Kan., and Wilbur S. Frey, of Kansas City, Mo., on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

On January 13, 1936, appellant, hereinafter called the debtor, filed his petition in the United States court for Kansas for a composition or extension of his debts under section 75(a to r) of the Bankruptcy Act, as amended, 11 U.S.C.A. 203 (a–r). The Penn Mutual Life Insurance Company and the Equitable Life Assurance Society were listed as his only secured creditors. The mortgage of the Penn Company covering 240 acres of land, and that of the Equitable Company covering 160 acres, had already been foreclosed in the state court, the property had been sold by the sheriff in full satisfaction of the judgments, the sales had been confirmed by order of the court, and the periods of redemption as extended by the court under authority of a state statute had respectively only two days and forty-seven days to run. A bank, holding a note for $200, and the treasurer of Sedgwick County, claiming taxes in the sum of $364.10, were listed as the only unsecured creditors. On January 14th, the court approved the petition and referred it to the conciliation commissioner. The first meeting of creditors was held on February 25th, at which the debtor submitted a written proposal for extension of time in which to liquidate his indebtedness. The insurance companies appeared at the meeting, but they refused to consider such proposal. Instead, each filed a motion to dismiss the proceeding as to it on the ground that it was the owner of a vested equitable estate in the land covered by its mortgage; that the relation of debtor and creditor did not exist between the debtor and the company; and that the court did not have jurisdiction of the company or its interest in the land. The unsecured creditors did not appear. The conciliation commissioner heard the motions and then closed the meeting. He made a report on May 4th. It recited that the proposal for extension had not been accepted, and it contained findings of fact and conclusions of law. It was found and concluded that the relationship of debtor and creditor did not exist between the farmer and the insurance companies; that the commissioner was without jurisdiction over the property in so far as it affected the rights of the respective holders of the certificates of purchase; and that the proceedings should be dismissed as to them. Exceptions were filed to such report. On May 29th, the court denied the exceptions, sustained the conclusions, and dismissed the proceeding as to the insurance companies and the lands. On or about June 12th, the insurance companies surrendered their respective certificates of sale to the sheriff and each received a sheriff's deed. On appeal therefrom, the order of dismissal was reversed and the cause remanded. The court was directed to permit the insurance companies to file petitions for dismissal of the proceeding as to them and the lands in question; to permit the debtor to answer such petitions; to set the issue or issues for trial; to hear evidence, if any; and to adjudicate the rights of the parties in the controversy. Wilcons v. Penn Mut. Life Ins. Co., 10 Cir., 91 F.2d 417.

After the mandate had been spread each insurance company filed a petition praying that it be decreed to own the land covered by its mortgage; that the debtor be decreed to have no title or right of possession thereto; and that it be granted leave to proceed by appropriate action in the state court to obtain possession of such land. The debtor filed a motion praying that an order be entered directing the conciliation commissioner to resume the proceeding, and that he issue notice of a meeting of creditors at which the debtor might submit a proposal for composition or extension and have subsequent proceedings as provided by the statute. The motion of the debtor was denied, and the issues formed on the petitions of the insurance companies and the answers of the debtor thereto were submitted to the court on agreed facts and records. The court concluded that the sheriff's deeds issued to the insurance companies were val-

id; that the debtor's rights of redemption were extinguished when the deeds issued; that the burden of obtaining an acceptance of his proposal for composition rested on the debtor; that in the absence of an order of the court extending the periods of redemption under subsection (n) of the statute or the filing of an amended petition asking for adjudication as a bankrupt under subsection (s), the rights of redemption terminated upon failure to obtain the acceptance of a proposal for extension or composition within the time fixed by the rules of the court; that there was no longer an emergency in the district or in the particular case which would justify extension of the periods of redemption; that in the light of the facts found, it would be inequitable to deprive the insurance companies of immediate possession of the lands; and that the proceedings should be dismissed. By decree, the petitions were sustained; the companies were adjudicated to be the owners and entitled to the respective tracts of land which they claimed; the debtor was adjudicated to have no further title thereto; and the proceeding was dismissed. The debtor appealed.

■ The first contention pressed is that the debtor has been denied rights extended to him under section 75 of the Bankruptcy Act, as amended. The argument is that the act provides that at the first meeting of creditors the farmer shall propose terms of composition or extension; that the creditors may examine the farmer; that the conciliation commissioner shall after hearing the parties in interest fix a reasonable time within which application shall be made for confirmation of the proposal; that the conciliation commissioner failed and refused to consider the proposal of the debtor; that instead, he considered the motions of dismissal of the insurance companies, and subsequently recommended that they be sustained. Subsection (c) of the statute gives a farmer the right to file a petition for composition or extension of his debts. The debtor exercised that right. Subsection (e) provides that the conciliation commissioner shall promptly call the first meeting of the creditors, at which the farmer may be examined, and that after hearing the parties in interest he shall fix a reasonable time within which application for confirmation shall be made. Subsection (g), as amended, provides that an application for the confirmation of a proposal for composition or extension may be filed after but not before it has been accepted in writing

by a majority in number of all creditors whose claims have been allowed and a majority in amount of such claims. The conciliation commissioner called the first meeting of creditors in accordance with subsection (e). The burden rested on the debtor to secure acceptance of the proposed plan of extension. He failed to secure such acceptance. The motions of dismissal of the insurance companies constituted their refusal to accept the plan. The reasons which prompted them to reject it did not affect the rights of the debtor. After the plan had been thus rejected, and in view of the provisions of subsection (g) that an application for confirmation may be filed after but not before a plan of composition or extension has been accepted in writing by a majority in number and amount of approved claims, it would have been a mere idle gesture for the commissioner to fix a time within which such an application should be made. Neither the letter nor spirit of the statute requires the taking of such a vain and useless step.

■ Subsections (a) to (r) of the act concern themselves with compositions and extensions. The debtor petitioned for relief under their terms. Where a debtor filed his petition under these provisions but is unable to secure acceptance of a proposed plan of composition or extension the proceeding has spent its force, it can accomplish nothing more and should be dismissed unless the debtor seasonably files a petition or an amendment to his original petition asking to be adjudged a bankrupt under subsection (s), as amended by the Act of August 28, 1935, 49 Stat. 942. That provision expressly authorizes the filing of such a petition in the event the debtor fails to obtain the acceptance of his proposed plan of composition or extension, as the case may be. It is silent in respect to the time within which such petition or amendment shall be filed. But General Order in Bankruptcy number 50(4), 11 U.S.C.A. following section 53, provides that if a farmer has not applied for confirmation within such reasonable time as has been fixed therefor, which shall be not later than three months after the date of the first meeting of creditors, unless the time has been extended in the manner provided, the commissioner shall report the facts to the court, and the court shall thereupon dismiss the proceedings. In addition, Rule 41 of the court below provides that a farmer who fails to obtain acceptance of a proposal for composition or extension may at any time

within three months after the date of the first meeting of creditors, amend his petition or answer and ask to be adjudged a bankrupt. Here the debtor did not make application for confirmation within the time thus allowed. In the very nature of things, he could not do so because he failed to secure the requisite acceptance of such plan. The conciliation commissioner reported that the plan of extension was not accepted. The three months' period after the first meeting of creditors expired May 25, 1936. No other plan for extension had been proposed; no plan for composition had been offered; and no petition had been filed to be adjudged a bankrupt under subsection (s). Indeed no petition for adjudication under subsection (s) has ever been filed. The debtor has not yet sought in any manner to obtain benefits under that provision. He still asserts rights under subsections (a) to (r). The fact that the insurance companies sought dismissal of the proceeding as to themselves and the lands involved did not absolve the debtor from the duty to secure acceptance of some proposed plan of composition or extension, or to petition within the authorized time to be adjudged a bankrupt under subsection (s). He did neither. He thus suffered his proceeding under subsections (a) to (r) to spend its force, and he failed seasonably to invoke subsection (s). Manifestly he has not been wrongfully denied any right which the statute accords him.

The next contention advanced is that the insurance companies are creditors of the debtor within the meaning of the statute. It may be assumed for the moment, without so deciding, that they were creditors. That does not avail the debtor anything. As previously stated, the duty was his to secure acceptance of a plan of composition or extension. Upon his failure to do so and upon his failure seasonably to seek adjudication as a bankrupt under subsection (s), the only course appropriately open to the court was to dismiss the proceeding, even though the insurance companies were creditors.

■■ The validity of the deeds executed by the sheriff is challenged. Subsection (n) of the act, as amended, provides that the filing of a petition or answer praying for relief under the section shall immediately subject the farmer and all of his property wherever situated, including the right or equity of redemption where the period of redemption has not expired, to the exclusive jurisdiction of the court for all purposes of the section; and further, that where at the time of such filing of the petition a sale has not been confirmed, a deed has not been delivered, or the period of redemption has not expired, confirmation of the sale shall be withheld or the period of redemption shall be extended "for the period necessary for the purpose of carrying out the provisions of this section." These deeds were not executed and delivered until after the proposed plan of extension had been submitted and rejected, until after the commissioner had made report of such rejection, until after the three months' period following the meeting of the creditors had expired, and until after the first order of dismissal had been entered. At the time the conveyances were executed the debtor had failed in his effort to secure acceptance of his proposed plan under subsections (a) to (r), and the time within which to seek benefits under subsection (s) had expired. The filing of the petition extended the period of redemption for such period as was necessary for the purpose of carrying out the provisions of the section, but no further. It preserved the rights of redemption of the debtor pending the proceeding solely for the purpose of carrying out the provisions of the statute, but not beyond that. Since for the reasons already adverted to the debtor was not then entitled to relief under either of the provisions of section 75, the statute did not presently impose any restriction upon or impediment to the execution and delivery of the deeds. They were regularly executed under the law of the state and vested title in the insurance companies.

The decree is affirmed.