**UNITED STATES ex rel. LAIRD v. O'BRIEN, Sheriff.**

**No. 7093.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 1, 1940.

On Petition for Rehearing
April 16, 1940.

Richard E. Westbrooks, of Chicago, Ill., for appellant.

Wm. B. Crawford and Thomas J. Courtney, State's Attys., both of Chicago, Ill. (Edward E. Wilson, John T. Gallagher, James V. Cunningham, and Walter L. McCoy, Asst. State's Attys., all of Chicago, Ill., of counsel), for appellee.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal by petitioner-appellant from a judgment of the District Court quashing a writ of habeas corpus and remanding the petitioner to the Cook County Jail to complete the sentences imposed by the Criminal Court of Cook County.

The petitioner pleaded guilty to each of three separate and distinct charges of larceny, each charge of larceny being presented in an indictment which also charged burglary. The indictments were numbered 38-910, 38-911 and 38-912 and the cases were docketed under the indictment numbers respectively. After the pleas of guilty the petitioner was found guilty of larceny and in each case was sentenced to a term of one year in the County Jail of Cook County and fined one ($1) dollar. Judgments in the three cases were entered on the same date and the Sheriff of Cook County has had custody of the petitioner since such date.

The record of the Criminal Court of Cook County shows the judgment in cause No. 38-910 was entered in regular form and provided that the defendant, petitioner-appellant here, be confined in the Cook County Jail for the term of one year and pay a fine of one ($1) dollar. The judgment in cause No. 38-911 contains the following recital: "It is further ordered by the Court that the said imprisonment shall begin at the expiration of the sentence of imprisonment of the said Garland Laird this day entered in cause No. 38-910 on the docket of this Court being the People of the State of Illinois v. Garland Laird in the cause for Larceny value of property $14.00 at the present term of this Court."

And in cause No. 38-912 the judgment contains this recital: "It is further ordered by the Court that the said imprisonment shall begin at the expiration of the sentence of imprisonment of the said Garland Laird this day entered in cause No. 38-911 on the docket of this Court being the People of the State of Illinois v. Garland Laird in the cause for Larceny value of property $14.00 at the present term of this Court."

The petitioner-appellant has served his sentence in cause No. 38-910 and by his petition for writ of habeas corpus in the United States District Court seeks to be released on the ground that the judgments and sentences in causes Nos. 38-911 and 38-912 are so vague and indefinite that they are void, with the result that petitioner, a citizen of the United States of America, is being held in prison in denial of due process and equal protection of the law as guaranteed by the fourteenth amendment to the United States Constitution U.S.C.A.

In the case of People v. Elliott,[1] judgments had been entered against the defendants on different counts, and on appeal objection was made to the sentences on the ground that the term of imprisonment on each count should have been so fixed that the imprisonment on the several counts should have commenced at the expiration of each succeeding term. The sentence as to the imprisonment of each defendant was that he should be confined in the county jail for a period of ten days on each of the first seventy counts and a period of twenty days on the last or seventy-first count and that the jail sentences should run consecutively, making a total of 720 days in jail. In reviewing defendants' contention the Supreme Court of Illinois stated the rule to be as follows: "The rule established by this court is that where a defendant is sentenced upon different indictments or different counts of the same indictment, the correct method of entering judgment is not for the total time in gross, but for a specified time under each count, the time under the second to commence when the first ends, and so on to the last. * * * The provision that the sentences shall run consecutively is equivalent to providing that they shall run successively, but the rule heretofore stated is that it shall be expressly stated in the sentence that one shall begin at the expiration of the previous one."

The Supreme Court, however, stated that it was beyond question that the trial court intended to sentence each of the defendants to imprisonment in the county jail for separate terms of ten days on each of the first seventy counts and twenty days on the seventy-first count; and the court held that "as there was no error except in the imposition of the sentence, the cause should be remanded for a proper sentence * * *." And the foregoing rule governing the form of sentences was repeated in People v. Rettich.[2]

The form of the sentences and judgments used by the Cook County Criminal Court conforms literally to the requirements announced by the Supreme Court of Illinois. But if there had been any variation from the proper form the petitioner's remedy was by writ of error to a state reviewing court, and the only relief that he could have obtained under the law of Illinois was a remanding of the

[1] 272 Ill. 592, 112 N.E. 300, 305, Ann. Cas.1918B, 391.

[2] 332 Ill. 49, 163 N.E. 367.

cause for proper sentence. But no relief was sought in a state court by a writ of error, although petitioner filed a petition for writ of habeas corpus in the Supreme Court of Illinois. That court dismissed his petition, presumably, on the ground that the sentence and judgment were not objectionable in form.

Petitioner does not urge that the rule governing the form of sentences violates any right of petitioner under the fourteenth amendment; and obviously such a contention would be baseless.

We are of the opinion that under the rule declared by the Supreme Court of Illinois the form of the sentences and judgments in causes Nos. 38-911 and 38-912 (supra) validly designated the terms of imprisonment as successive, and we conclude that there is no merit in petitioner's contention that he is being held in prison in violation of his rights under the Constitution and laws of the United States.

The District Court did not err in quashing the writ of habeas corpus and remanding the petitioner to the Cook County Jail to complete the sentences imposed by the Criminal Court of Cook County, Illinois.

The judgment of the District Court is affirmed.

### On Petition for Rehearing.

In our original opinion we inaccurately stated that petitioner pleaded guilty to three charges. We should have stated that there was a plea of guilty in cause No. 38-911, a plea of not guilty in cause No. 38-912, and an absence of any showing as to the plea in cause No. 38-910. Petitioner apparently is of the opinion that we should have stated that there were pleas of not guilty in all three causes, since he insists in his petition for a rehearing that there was no plea of guilty in causes No. 38-910 and 38-911 and since in his reply brief on appeal he stated that the judgments in causes No. 38-911 and 38-912 showed a "plea of not guilty heretofore entered." Petitioner's original petition showed that a plea of not guilty was entered in cause No. 38-911 and that a plea of not guilty entered in cause No. 38-912 was withdrawn and a plea of guilty substituted. We find nothing in petitioner's original petition to indicate whether a plea of guilty or not guilty was entered in cause No. 38-910.

Petitioner urges that we erroneously relied upon the mittimus which was issued in each of the causes. Apparently petitioner has lost sight of the fact that the respondent, O'Brien, included in his return a photostatic copy of each mittimus which contained what purported to be a transcript of the minutes of conviction and sentence, including the verbatim copy of the order of the Criminal Court which is quoted in our opinion. Petitioner did not answer or traverse the return of respondent and, consequently, the record of the habeas corpus proceeding in the District Court discloses no issue as to the correctness of the transcript of the minutes of the conviction and sentence as revealed in each mittimus. Obviously, we did not rely upon the mittimus as a substitute for, or as an enlargement of, the judgment of the Criminal Court of Cook County; but we did rely upon the certified transcript of the minutes of the proceedings in the Criminal Court of Cook County as revealed in each photostatic copy of the mittimus. The sole question presented to the District Court was whether the return constituted a justification in law for the detention of the petitioner by the respondent. Each mittimus furnished a prima facie legal basis for the incarceration and detention of the petitioner.

Petitioner now urges that certain recitals in the photostatic copies of the "County Jail mittimi" were interpolated without any authority of law. As already stated, no such question was raised in the District Court during the habeas corpus proceeding by answer or traverse of the return of respondent. The questioned recitals comprised the order of the Criminal Court which we quoted in our opinion as a part of the judgment of conviction and sentence. As pointed out in our original opinion the terms of the order respecting the beginning of the terms of imprisonment conform to the requirements announced by the Supreme Court of Illinois.

It is clear from the opinion of the Supreme Court of Illinois in Fitzpatrick v. People, 98 Ill. 269, 274, that the order of the trial court which provides that a defendant's sentence and imprisonment in one case shall begin at the expiration of the sentence and imprisonment in another case need not be incorporated physically within the formal judgment of conviction and sentence on the verdict. Such order is considered to be a part of the judgment of sentence and conviction even though it appears as a separate further order of the court.

Petition for rehearing is denied.