**UNITED STATES ex rel. CHASTEEN v. DENEMARK, Superintendent, House of Correction, City of Chicago.**

**No. 8364.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 3, 1943.

Richard E. Westbrooks, of Chicago, Ill., for appellant.

Thomas J. Courtney, State's Atty., and James V. Cunningham, Asst. State's Atty., both of Chicago, Ill. (Edward E. Wilson and George McMahon, Asst. State's Attys., both of Chicago, Ill., of counsel), for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from a judgment discharging a writ of habeas corpus, brought in the District Court after petitioner had exhausted his remedy in the state courts.

The pertinent facts are that on February 13, 1942, the Municipal Court of Chicago in case No. 1745996 found appellant guilty of petit larceny, entered judgment thereon, and sentenced him to the House of Correction for a term of one year, "To be served consecutively with case No. 1745995." The court issued a mittimus and appellant was delivered to the House of Correction. The mittimus reads in part—"It is ordered that the term of imprisonment now here imposed in this case, commence at the expiration of said imprisonment in said other case No. 1745995." Appellant has served the one year sentence so imposed in case No. 1745996 and now asserts that he is being illegally held and confined.

In support of the judgment discharging the writ, appellee contends that by inserting in the judgment the phrase "To be served consecutively with case No. 1745995" the Municipal Court of Chicago created a cumulative sentence, and reliance is placed upon the case of United States ex rel. Laird v. O'Brien, 7 Cir., 111 F.2d 232. With this contention we are unable to agree, nor do we believe the O'Brien case is applicable.

A sentence in a criminal case should be clear and definite, Hode v. Sanford, 5 Cir., 101 F.2d 290, and be so complete as to need no construction of a court to ascertain its import. It should be so complete that to ascertain its meaning it will not be necessary to supplement the written words by

either a nonjudicial or ministerial officer. He must find what the sentencing judge intended from the language which he used. People v. Graydon, 329 Ill. 398, 160 N.E. 748.

■ It is true that where a defendant is sentenced upon different indictments, the correct method of entering judgment is not for the total time in gross, but for a specified time under each indictment, the time under the second to commence when the first ends, People v. Elliott, 272 Ill. 592, 603, 112 N.E. 300, Ann.Cas.1918B, 391, and People v. Rettich, 332 Ill. 49, 163 N.E. 367, but the judgment entered in a case of cumulative punishment must be of such certainty that the commencement of the second and termination of the first sentence may be seen from the record. People v. Decker, 347 Ill. 258, 261, 179 N.E. 827.

In the O'Brien case, supra, the petitioner, under three indictments numbered 910, 911, and 912, was found guilty of three separate charges of larceny. The record of the court showed the judgment in No. 910 had been entered in regular form and provided that the defendant be confined for the term of one year. The judgment in No. 911, also in regular form, provided that the imprisonment of the defendant should begin at the expiration of the sentence in No. 910. Thus it is clear that the sentence in the O'Brien case was definite and complete and there was no need to supplement the written words by a ministerial officer.

■ In our case, the judgment in No. 1745996 was vague and indefinite in many respects. It contained only a number— mentioning no title or name of any court in which No. 1745995 was tried, nor the duration of any sentence imposed. Thus, tested by the standards enunciated in the cases cited, the phrase "To be served consecutively with case No. 1745995" must be regarded as without effect. Nor can these defects be cured by the mittimus, which is only a transcript of the minutes of the conviction and sentence duly certified by the clerk. The clerk can only certify to the order of the court, and the Bailiff of the Municipal Court can only execute the sentence of the court as recorded. People v. Graydon, 329 Ill. 398, 401, 160 N.E. 748. A commitment depends for its validity on the judgment behind it. If the judgment and sentence do not authorize detention, no mittimus will avail to make detention lawful. Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283.

The judgment of the District Court is reversed and respondent-appellee is ordered to release Clyde Chasteen from further imprisonment.

It is so ordered.