**HIATT v. ELLIS.**

No. 13485.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1951.

Harvey H. Tisinger, Asst. U. S. Atty., J. Ellis Mundy, U. S. Atty., Atlanta, Ga., A. E. Gottshall, Atty., Dept. of Justice, Washington, D. C., for appellant.

No appearance for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Charged in the United States District Court for the Southern District of Florida, in two informations, Nos. 7133 and 7134, with offenses against the United States, appellee pleaded guilty to, and on April 30, 1948, was sentenced on both indictments.[1]

Parole was denied. Thereafter appellee filed a petition for a writ of habeas corpus asking his release from further custody under the sentences on the ground that the sentence imposed in No. 7134 had been running concurrently with the sentences in No. 7133 because of the language used in the former, citing in support thereof Bledsoe v. Johnston, 9 Cir., 154 F.2d 458. On that premise he asserted that with credit for good conduct he had become eligible

1. No. 7133. Ordered and Adjudged that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of thirty-four (34) months on Counts 1, 2, 3, 4, 5, and 6, sentence on each count to run concurrently with each other.

It is further Ordered and Adjudged that on Count 7 of the Information the defend-

ant be committed to the custody of the Attorney General for two years and that the sentence imposed on Count 7 is to run concurrently with the sentence imposed on Counts 1, 2, 3, 4, 5, and 6.

No. 7134. Ordered * * * imprisonment for the period of two years. It is further ordered that the sentence imposed in this case is to run consecutively with the sentence imposed in case No. 7133–M–Cr.

for conditional release on July 5, 1950, and that such release had been refused. He also alleged that he had been refused relief on his application to the trial court under Sec. 2255, Title 28 U.S.C.A. The writ was issued.

Following hearing on the issue joined by the petition and response the District Judge, held that the judgments in question were not effective for consecutive service, citing as authority, Bledsoe v. Johnston, supra, certiorari denied, 328 U.S. 872, 66 S.Ct. 1367, 90 L.Ed. 1642, and United States ex rel. Chasteen v. Denemark, 7 Cir., 138 F.2d 289. The resulting order of discharge from custody brought this appeal.

The warden is here insisting that the cases cited do not support the findings and order and that the judgment discharging petitioner was wrong and must be reversed. We agree.

Basing our determination of the question posed upon the admitted fact that the questioned sentence was imposed for an entirely different offense, and upon the natural and normal meaning attached to the critical words in the challenged order,[2] we find no difficulty in concluding that there is neither ambiguity nor deficiency in the judgment complained of.

The defendant was sentenced in the first case for violation of the National Stolen Property Act, Title 18, Secs. 415 and 88 [Revised Secs. 2314 and 371], and in the second case for violation of Title 18, Sec. 398 [Revised Sec. 2421], transporting a woman in interstate commerce for immoral purposes.

The word "consecutive" used in the sentence, according to its primary dictionary definition, denotes "following in a train, succeeding one another in a regular order". The word "with" which follows it in the sentence denotes primarily "a relation of contact or association". The idea put forward by the petitioner and adopted by the court, that the use of "with" instead of "to" makes the order ambiguous and renders it ineffective, will not do.

It would be difficult to choose two words better able than the words employed here to put in brief compass the idea of cumulative service, the service of one sentence following in the train of, succeeding, the other sentence referred to. If, for a determination of the question posed, we turn to the authorities, appellee will stand no better. For, as a brief analysis of them will show, nothing decided in any of the cases [3] relied on by the district judge and the appellee leads to a different conclusion.

In Hode v. Sanford, note 3 supra, the critical words used were "continuously with". There, after pointing out: that a sentence in a criminal case should be clear and definite; that in the case of one sentence imposed with reference to another, if the meaning is doubtful the presumption arises that it is to be served concurrently with another sentence imposed at the same time; we declared: "The trial court had authority to make the sentences run 'consecutively' or 'concurrently'. Those words are generally used to indicate the intention of the Court. A strong presumption may be indulged that the use of the word 'continuously' in this case was a clerical error, committed by the clerk, as its use is so unusual it is doubtful that it was intentionally used by the judge. * * * Both sentences clearly provide that the terms of imprisonment are to run from the date of delivery to the penitentiary. They can not be construed to run consecutively without violating that provision. * * *

"Construing the sentences together we conclude that it was the intention of the trial court that they should be served concurrently and not consecutively."

To this was added in the concurring opinion: "I concur in the opinion, and add to it that while the dictionary does define 'continuous' as 'without break, cessation, or interruption', and a plausible argument

---

2. "It is further ordered that the sentence imposed in this case is to run *consecutively* with the sentence imposed in No. 7133-M-Cr." (Emphasis supplied)

3. Hode v. Sanford, 5 Cir., 101 F.2d 290, 291; United States ex rel. Chasteen v. Denemark, 7 Cir., 138 F.2d 289, 291; Bledsoe v. Johnston, 9 Cir., 154 F.2d 458, 459.

might be advanced that 'continuously' could be used in a sentence to carry the meaning of consecutiveness or cumulativeness, if so used it should be made very clear that it was so intended."

Instead, then, of this case being an authority for, it is authority against, appellant's contention.

The Chasteen case, note 3, supra, dealt with a judgment in the Municipal Court of Chicago, which, entering judgment on a verdict of guilty of petty larceny, sentenced the defendant to the house of correction for a term of one year to be served consecutively with case No. 1745995. The court, citing the holding of our court in Hode v. Sanford, supra, that the sentence in a criminal case should be clear and definite, and the holding of the Supreme Court of Illinois, that a sentence "should be so complete that to ascertain its meaning it will not be necessary to supplement the written words by either a nonjudicial or ministerial officer. He must find what the sentencing judge intended from the language which he used.", held that the reference was too vague and indefinite to support the sentence. In support of this view, it declared:

"It contained only a number—mentioning no title or name of any court in which No. 1745995 was tried, nor the duration of any sentence imposed. Thus, tested by the standards enunciated in the cases cited, the phrase 'To be served consecutively with case No. 1745995' must be regarded as without effect. Nor can these defects be cured by the mittimus, which is only a transcript of the minutes of the conviction and sentence duly certified by the clerk." (Emphasis supplied.)

In Bledsoe's case, note 3, supra; the defendant was sentenced in two cases, Nos. 1166 and 1335. In each case the district court adjudicated a five-year sentence and, without fixing which was to be first served, each sentence read that it was " 'to run consecutive with' the other".

The Circuit Court of Appeals, stating, "Obviously here is no effective judgment for consecutive sentences", went on to point out: that the defendant had been returned to the District Court for the Eastern District of Texas, where a hearing was had for correction of the judgments before the same judge who had given the sentences; that evidence was there introduced of the docket sheets kept by the clerk and the judge, which showed a sentence of five years in case No. 1335 and of five years cumulative in case No. 1166; that upon this docket sheet evidence, the judgment in 1335 was amended to read for a sentence of five years and the judgment in 1166 for five years to run consecutively to the sentence for five years in Cr–1335.

Bledsoe's contention was that the district judge had no such power, and the complained of defect had not been cured. The appellate court, however, decided that it did have, and had properly exercised the power of correction.

The question there decided is not the one which was before the court below. It was error to sustain the writ and discharge the applicant. The judgment is reversed and the cause is remanded with direction to dismiss the writ and remand the applicant to the custody of the warden.