**Arthur Madison FULTON, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 16543.**

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1957.

Arthur Madison Fulton, Leavenworth, Kan., in pro. per.

Cavett S. Binion, Asst. U. S. Atty., Philip C. McGahey, Jr., Asst. U. S. Atty., Fort Worth, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., on the brief, for the United States.

Before CAMERON, JONES, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Arthur M. Fulton was convicted in the District Court for the Northern District of Texas on two indictments for unlawfully breaking into and entering the United States Post Offices at Abilene and at Putnam, Texas and with stealing money of the United States from these post offices. On the Abilene indictment he was sentenced to five years imprisonment on each of two counts, the sentence on the second count "to run consecutively with" the sentence on the first count.[1] On the Putnam indictment he was sentenced to five years imprisonment "to run consecutively with" the sentence imposed under the conviction on the Abilene indictment.

This appeal raises the question: Do the words *"run consecutively with"* in the Putnam judgment clearly require the prisoner to serve a second term after serving the sentence imposed in the Abilene judgment? Fulton argues that the words *"consecutively"* and *"with"* may be clear enough when standing alone or when used separately in other combinations of words, but that they defeat each other when they are placed side by side. He contends that in juxtaposition "consecutively"

and "with" mean, if anything, "concurrently with". He moved for clarification of the sentence in the Putnam case and now appeals from denial of that motion.[2]

Precisely the same question came up in Hiatt v. Ellis, 5 Cir., 1951, 192 F.2d 119. This Court distinguished United States ex rel. Chasteen v. Denemark, 7 Cir., 1943, 138 F.2d 289, relied on by appellant, and held that *"consecutively with"* was unambiguous. In Hiatt v. Ellis, supra, Judge Hutcheson stated:

"The word 'consecutive' used in the sentence, according to its primary dictionary definition, denotes 'following in a train, succeeding one another in a regular order'. The word 'with' which follows it in the sentence denotes primarily 'a relation of contact or association'. The idea put forward by the petitioner and adopted by the court, that the use of 'with' instead of 'to' makes the order ambiguous and renders it ineffective, will not do.

"It would be difficult to choose two words better able than the words employed here to put in brief compass the idea of cumulative service, the service of one sentence following in the train of, succeeding, the other sentence referred to."

"Consecutive with" may be infelicitous. It may offend purists in the art of using prepositions idiomatically. But it is not a riddle. It is not illogical. It is not uncertain. It is not ungrammatical. American-English has wide play in the joints, and a predilection for a particular preposition to express a relationship may go against usage if

---

1. April 20, 1950 the term on the second count was reduced to three years.

2. If this case were a suit on a contract turning on the meaning of "consecutively with", we would be inclined to dismiss the appeal as bordering on the frivolous. But we have considered this appeal very carefully, because Fulton faces further years of imprisonment if the appeal is dismissed. The original judgments were rendered October 8, 1946. Defendant served the sentences imposed in these cases, less time for good behavior, but is confined under another court's sentence for another offense. He is faced with a detainer warrant placed by the United States Board of Paroles for violation of his conditional release, compelling him to serve the time off for good behavior earned on the sentences in the Abilene and Putnam cases.

the choice of preposition results in meaningful language. Either "to" or "with" would show that there is a relation between the two sentences of imprisonment. What that relation is, is embodied in the meaning of "consecutive". "Consecutive" sentences can mean only a close and uninterrupted sequence of sentences. The distinguished district judge's language is clear and definite and technically correct. The judgment is

Affirmed.