**UNITED STATES of America, Plaintiff,**

v.

**Thomas Edward YOUNG and Margaret Rita Young, Defendants.**

**Cr. Nos. 8048, 8052, 8136.**

United States District Court
D. North Dakota,
S.E. D.

June 19, 1959.

Robert L. Vogel, U. S. Atty., Fargo, N. D., for plaintiff.

Thomas Edward Young and Margaret Rita Young, pro se.

RONALD N. DAVIES, District Judge.

On October 31, 1952, the above-named defendants, Thomas Edward Young and Margaret Rita Young, husband and wife, were sentenced in this court upon their respective pleas of guilty in the above-numbered criminal cases, Thomas Edward Young to a total of 25 years and Margaret Rita Young to a total of 20 years.

On June 5, 1959, these two defendants filed with this Court a motion to correct the judgments and commitments in each of the above-numbered cases "to reflect that the sentences imposed thereupon commenced to run on the date of imposition, and on October 31, 1952, in accordance with Section 3568 of Title 18, U.S.C." and have filed also a memorandum brief in support of their position.

Although the motion is signed by Thomas Edward Young only, now confined in Alcatraz, and not by Margaret Rita Young, now confined at Terminal Island, San Pedro, California, the motion is being treated as having been made by both defendants. The Court also has had the benefit of a memorandum brief filed by the United States Attorney for this District, Mr. Robert L. Vogel.

The defendants contend that the sentencing Court failed to direct the sequence of service of the sentences pronounced October 31, 1952, and hence that all sentences imposed began to run on that date and that, with credits for statutory good time, the defendants, and each of them, have completed service of the longest of the sentences imposed in any of the individual cases.

Simply stated, the defendants contend their sentences should run concurrently and not consecutively, that they have served their full time, taking into account good time credit, and they desire the judgments and commitments corrected *nunc pro tunc*. The legal effect of

granting defendants' motion would be to afford them their freedom.

Defendants contend also that the sentences imposed in No. 8048 as shown by the judgments and commitments are impossible of service, contending that the wording "said sentences to run consecutively with each other" is uncertain and should be construed as meaning the sentences are concurrent.

The judgment of the Court at the time of sentencing, as evidence by the official transcript of the proceedings, was as follows:

"Thomas Edward Young, it is the sentence of this Court that in case No. 8048, as to Count 1 you be confined in an institution to be designated by the Attorney General of the United States for a period of five years; that you also be confined on Count 2 for a period of five years. Margaret Rita Young, it is the sentence of this Court that you be confined in an institution to be designated by the Attorney General of the United States under Count 1 for a period of five years and under Count 2 for a period of five years.

"As to case No. 8052, in which you, Mr. Young, are the sole defendant, and that is the case of the first Dyer Act charge, it is the sentence of the Court that you be confined for a period of five years.

"As to case No. 8136, on Count (sic) 1, which charges the two of you jointly, it is the sentence of the Court that each of you be confined for a period of five years. On Count 2, you, Thomas Edward Young, it is the sentence of the Court that you be confined for a period of five years. On Count 3, it is the sentence of the Court that you, Margaret Rita Young be confined for a period of five years.

"It is the order of this Court that these sentences be served consecutively, which means for you, Mr. Young, a total sentence of 25 years and for you, Mrs. Young, a total sentence of 20 years."

The judgments and commitments were signed by the sentencing Judge on the same day the sentences were imposed and read as follows:

Case No. 8048—Thomas Edward Young;

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Five (5) years on Count one of the Information to commence at Twelve o'clock noon of this date; and for a period of Five (5) years on Count Two of the Information; said sentences to run consecutively with each other."

Case No. 8052;

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Five (5) years and this said sentence to commence at the expiration of the sentence this day imposed in Criminal Case No. 8048."

Case No. 8136;

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Five (5) years on Count 1 of the Indictment, and for a period of Five (5) years on Count 2 of the Indictment, said sentences to run consecutively, and the sentence in this case to commence at the expiration of the sentence this date imposed in Criminal Case No. 8052."

Case No. 8048—Margaret Rita Young;

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Five (5) years on Count One of the information to commence at Twelve o'clock noon of this date; and for a period of Five (5) years on Count Two of the Information; said sentences to run consecutively with each other."

Case No. 8136;

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of Five (5) years on Count 1 of the Indictment, and for a period of Five (5) years on Count 3 of the Indictment, said sentences to run consecutively, and the sentence in this case to commence at the expiration of the sentence this date imposed in Criminal Case No. 8048."

Let us carefully examine the defendants' contention that the sentences imposed in No. 8048 are impossible of service in that the commitment reads "said sentences to run consecutively with each other". Where is the impossibility of service when the Judge's sentence is read in its entirety? No. 8048 involves separate post office break-ins, one at Munich, North Dakota, and the other at Milton, North Dakota. The defendants were sentenced to five years on each count of that information, and it requires no interpretation of this Court since the language employed by the sentencing Judge was clear and unequivocal. He commenced imposition of punishment with the cases in numerical order and in sequence as to counts. Significantly, he specifically ordered "that these sentences be served consecutively, which means for you, Mr. Young, a total sentence of 25 years and for you, Mrs. Young, a total sentence of 20 years." The Supreme Court of the United States has said: "The only sentence known to the law is the sentence or judgment entered upon the records of the court." Hill v. United States ex rel. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283. In that case the Court also held that "A warrant of commitment departing in matter of *substance* from the judgment back of it is void." 298 U.S. at page 465, 56 S.Ct. at page 762, (italics supplied).

The opinion and order of this Court are predicated upon the sentences pronounced by the sentencing Judge on Thomas Edward Young and Margaret Rita Young from the bench as reflected by the official transcript of the proceedings. The judgment and commitments prepared by the Clerk of Court and signed by the sentencing Judge in all three of these cases did no more than reflect the clearly expressed sentences imposed, and there was no departure in any matter of substance in these instruments from the sentences imposed in open court on the defendants here.

In United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309, the Court said:

"Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard, the judgment here questioned was sufficient to impose total imprisonment for 15 years, made up of three 5 year terms, one under the first count, one under the second, and one under the third, to be served consecutively, and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry."

Tested by this pronouncement, the reasonable and natural and, in fact, the only implication from the sentences imposed by the Court upon Mr. and Mrs. Young is that they were to serve each five year sentence consecutively. In Thomas Edward Young's case the Court clearly intended that in No. 8048 he was to serve five years on Count 1 and five years on Count 2. In No. 8052 he was to serve five years, and in No. 8316 he was to serve five years on Count 1 and five years on Count 2, all consecutively.

In Margaret Rita Young's case the Court clearly intended that in No. 8048 she was to serve five years on Count 1 and five years on Count 2, and in No. 8136 that she was to serve five years on Count 1 and five years on Count 3, all consecutively.

Defendants in their brief make much of the fact that the sentencing Judge directed the sentences imposed to be served consecutively without actually specifying from the bench the sequence in which they were to be served. A relatively recent opinion expressed with great clarity the position taken by the United States Court of Appeals for the Fifth Circuit which, being short, well-reasoned and concise, is here quoted, footnotes omitted:

"Arthur M. Fulton was convicted in the District Court for the Northern District of Texas on two indictments for unlawfully breaking into and entering the United States Post Offices at Abilene and at Putnam, Texas and with stealing money of the United States from these post offices. On the Abilene indictment he was sentenced to five years imprisonment on each of two counts, the sentence on the second count 'to run consecutively with' the sentence on the first count. On the Putnam indictment he was sentenced to five years imprisonment 'to run consecutively with' the sentence imposed under the conviction on the Abilene indictment.

"This appeal raises the question: Do the words 'run consecutively with' in the Putnam judgment clearly require the prisoner to serve a second term after serving the sentence imposed in the Abilene judgment? Fulton argues that the words 'consecutively' and 'with' may be clear enough when standing alone or when used separately in other combinations of words, but that they defeat each other when they are placed side by side. He contends that in juxtaposition 'consecutively' and 'with' mean, if anything, 'concurrently with'. He moved for clarification of the sentence in the Putnam case and now appeals from denial of that motion.

"Precisely the same question came up in Hiatt v. Ellis, 5 Cir., 1951, 192 F.2d 119. This Court distinguished United States ex rel. Chasteen v. Denemark, 7 Cir., 1943, 138 F.2d 289, relied on by appellant, and held that 'consecutively with' was unambiguous. In Hiatt v. Ellis, supra, Judge Hutcheson stated:

" 'The word "consecutive" used in the sentence, according to its primary dictionary definition, denotes "following in a train, succeeding one another in a regular order". The word "with" which follows it in the sentence denotes primarily "a relation of contact or association". The idea put forward by the petitioner and adopted by the court, that the use of "with" instead of "to" makes the order ambiguous and renders it ineffective, will not do.

" 'It would be difficult to choose two words better able than the words employed here to put in brief compass the idea of cumulative service, the service of one sentence following in the train of, succeeding, the other sentence referred to.'

" 'Consecutive with' may be infelicitous. It may offend purists in the art of using prepositions idiomatically. But it is not a riddle. It is not illogical. It is not uncertain. It is not ungrammatical. American-English has wide play in the joints, and a predilection for a particular preposition to express a relationship may go against usage if the choice of preposition results in meaningful language. Either 'to' or 'with' would show that there is a relation between the two sentences of imprisonment. What that relation is, is embodied in the meaning of 'consecutive'. 'Consecutive' sentences can mean only a close and uninterrupted sequence of sentences. The distinguished district judge's language is clear and definite and technically correct. The judgment is

"Affirmed." Fulton v. United States of America, 5 Cir., 1957, 250 F.2d 281, 282.

426

Beyond doubt any serious uncertainty in criminal sentences ought to be resolved in favor of one restrained of his liberty. In the instant case the Court finds neither serious uncertainty nor uncertainty in any respect. It must not be forgotten that the District Judge was vested with the power and authority to require the sentences imposed upon Mr. and Mrs. Young to be served consecutively. This he did.

It is not necessary to abandon all logic and reason in examining a motion of this sort. The sentences were handed down in open court, case by case, and count by count, and the Youngs were told the sentences were to be served consecutively. To further clarify his order, the Court advised the Youngs of the total number of years each would be required to serve.

It was the clear and obvious intention and direction of the Court, as disclosed by the official proceedings in court and without reference to the judgments and commitments signed thereafter, that the sentences imposed upon Young and his wife were to be served in the order pronounced.

This means, and could mean only that the defendant, Thomas Edward Young, began his period of confinement with Count 1 in Case No. 8048; that at the termination of that sentence he began serving the sentence pronounced on Count 2 in Case No. 8048; that at the termination of that sentence he began to serve the sentence pronounced in No. 8052; that upon termination of that sentence he began serving a sentence pronounced on Count 1 in No. 8136; and that upon termination of that sentence he began serving the sentence pronounced in Count 2 of No. 8136.

And it means, and could mean only that the defendant, Margaret Rita Young, began her period of confinement with Count 1 in No. 8048; that at the termination of that sentence she began to serve the sentence pronounced in Count 2 of No. 8048; that at the termination of that sentence she began serving the sentence pronounced on Count 1 of No. 8136; and that upon termination of that sentence she began to serve the sentence imposed on Count 3 of No. 8136.

Any other conclusion is untenable and would completely nullify the expressed and manifest intention of the District Judge whose province and duty it was to determine the sentences and who, in the exercise of his discretion, ordered them served consecutively.

The motion of Thomas Edward Young and Margaret Rita Young to correct the judgment and commitments in Criminal Cases Nos. 8048, 8052 and 8136, respectively, is in all things denied.