Sam **TOYER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16807.

United States Court of Appeals
Eighth Circuit.

June 30, 1961.

926

No appearance for appellant or appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant sought by motion in the trial court to have the word "concurrently" substituted for the word "consecutively" in the sentencing language contained in the judgment against him.

The part here involved of the judgment reads as follows:

"It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years on Counts I, III, V and X; and for a period of ten (10) years on Counts II, IV, and VI; said sentences imposed on Counts I, II, III, IV, V and VI to be served concurrently with each other and *consecutively with* the sentence imposed in Count X for a total sentence of fifteen (15) years, without costs". (Emphasis added)

It was appellant's contention that the words "consecutively" and "with" were incompatible with each other, and that such an ambiguity was therefore created as legally to require that all of the sentences against him be accorded concurrent operation.

We have held in a corresponding situation that "the use of the expression 'to run consecutively with' could [not] reasonably be regarded as having any other natural or contextual meaning in the situation than 'consecutive to'". Young v. United States, 8 Cir., 274 F.2d 698, 702, affirmed 81 S.Ct. 1670. See also Fulton v. United States, 5 Cir., 250 F.2d 281; Payne v. Madigan, 9 Cir., 274 F.2d 702, affirmed 81 S.Ct. 1670.

In the situation here, it so happened that the court had, in the oral pronouncement of the sentences, used the expression "consecutively to" and not "consecutively with", and the appearance of the word "with" instead of "to" in the formal judgment entry thus was on the face of the record of the sentencing proceedings the result of a clerical error. In these circumstances, the court, while recognizing it as unnecessary and without legal effect, saw fit on its own motion to make a nunc pro tunc substitution of the word "to" for the word "with" in the judgment and commitment order, in order to make it conform to the sentence pronouncement. This it clearly had a right to do without notice, under Rule 36, Rules of Criminal Procedure, 18 U.S.C.A., since on its face no substantive change was involved.

The trial court allowed appellant to file a notice of appeal without payment of clerk's fee but denied him leave to proceed further in forma pauperis. To clear the records of the appeal thus pending, it will be permitted to be docketed here without payment of fee but will thereupon be dismissed as being frivolous.

Appeal dismissed.