Willie Junior RAKES

v.

UNITED STATES of America.

Civ. A. No. 503.

United States District Court
W. D. Virginia.

Nov. 17, 1961.

**16**

No attorney of record in this case, plaintiff, pro se.

Thomas B. Mason, U. S. Atty., Roanoke, Va., for defendant.

DALTON, Chief Judge.

On February 13, 1961, the petitioner, Willie Junior Rakes, pleaded guilty to eight separate offenses involving violations of the Internal Revenue Liquor Laws. This Court sentenced Rakes to five years imprisonment in the following criminal actions:

No. 6410—One year imprisonment.

No. 6403—One year, "said sentence to run consecutively with the sentence imposed in Criminal Action No. 6410."

No. 6404—One year, "said sentence to run concurrently with the sentence imposed in Criminal Action No. 6403."

No. 6406—One year, "said sentence to run consecutively with the sentence imposed in Criminal Action No. 6403."

No. 6405—One year, "said sentence to run concurrently with the sentence imposed in Criminal Action No. 6406."

No. 6407—One year, "said sentence to run consecutively with the sentence imposed in Criminal Action No. 6406."

No. 6408—One year, "said sentence to run consecutively with the sentence imposed in Criminal Action No. 6407."

No. 6409—One year, "said sentence to run concurrently with the sentence imposed in Criminal Action No. 6407."

On April 5, 1961, the Court denied a motion by B. A. Davis, III, Counsel for the defendant, to modify and reduce the sentences imposed on February 13, 1961, listed above.

Now the defendant is again before this Court on a "Motion to Vacate or Correct an Illegal Sentence Pursuant to Rule 35, Federal Rules", filed with the Clerk of this Court on August 3, 1961, along with a writ to proceed in *forma pauperis*.

Following the procedure set forth in 28 U.S.C.A. § 2255, this Court, believing that petitioner's motion raised a legal question meriting a hearing and oral argument thereon, caused notice of the motion to be served upon Thomas B. Mason, United States Attorney for this District.

The United States of America, having answered said petition, and petitioner having filed a "Traverse of Defendant's Answer", this action was set for hearing on this date.

From the pleadings and the oral argument presented at this hearing, it appears that, simply stated, the petitioner's contention is that the sentence imposed in Criminal Actions Nos. 6403, 6406, 6407, and 6408 should run concurrently and not consecutively. First, petitioner says that "consecutively" and "with" in the sentences are inconsistent with each other and one must be stricken:

> "The meaning of the word 'consecutive' and the meaning of the word 'with' are diametrically opposed. Hence, one of the ambiguous words must be declared surplusage and removed from the working of judgment. While a sentence may run 'consecutive to' another, it can not run both 'consecutive' and 'with' another. Moreover, in deciding which of the ambiguous words must be removed in order to render the mittimus meaningful and free from the ambiguity and uncertainty existing. The interpretation most favorable to the defendant must prevail. Thus, the word 'with' should remain and the word 'consecutively' should be stricken therefrom."

Further, the petitioner alleges that there must be certainty in the order or sequence of sentences and that "the judgment sets forth no order of sequence in which the sentences are to be served."

The petitioner's primary argument is that the words "consecutively" and "with" are incompatible with each other, and that such an ambiguity requires that all of the contested sentences against him be accorded concurrent operation.

Although this particular contention apparently has never been raised in this District or Circuit, it has been advanced in several other circuits, and the courts have been unanimous in holding that there is no merit to this contention.

In Hiatt v. Ellis, 192 F.2d 119 (5th Cir. 1951), the District Court accepted the argument of a defendant serving under two 2-year sentences and held that a judgment worded "consecutively with" was not effective for consecutive service. On appeal the Court of Appeals, Fifth Circuit, reversed the District Court decision, concluding that there was neither ambiguity nor deficiency in the judgment:

> "The word 'consecutive' used in the sentence, according to its primary dictionary definition, denotes 'following in a train, succeeding one another in a regular order'. The word 'with' which follows it in the sentence denotes primarily 'a relation of contract or association'. The idea put forward by the petitioner and adopted by the Court, that the use of 'with' instead of 'to' makes the order ambiguous and renders it ineffective, will not do.

> "It would be difficult to choose two words better able than the words employed here to put in brief compass the idea of cumulative service, the service of one sentence following in the train of, succeeding, the other sentence referred to."

The same circuit reaffirmed its position in Fulton v. United States, 250 F.2d 281 (5th Cir. 1957). Further, the court said:

> " 'Consecutive with' may be infelicitous. It may offend purists in the art of using prepositions idiomatically. But it is not a riddle. It is not illogical. It is not uncertain. It is not ungrammatical. American-English has wide play in the joints, and a predilection for a particular preposition to express a relationship may go against usage if the choice of preposition results in meaningful

language. Either 'to' or 'with' would show that there is a relation between the two sentences of imprisonment. What that relation is, is embodied in the meaning of 'consecutive'. 'Consecutive sentences can mean only a close and uninterrupted sequence of sentences. The distinguished district judge's language is clear and definite and technically correct." See also Sutton v. United States, 266 F.2d 529 (5th Cir. 1959).

This same result has been reached in the Eighth Circuit, in Young v. United States, 274 F.2d 698 (8th Cir. 1960), affirmed 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853, and Toyer v. United States, 291 F.2d 925 (8th Cir. 1961).

The other circuit to consider this question, the Tenth, has also found that "consecutively with" is sufficiently clear to support consecutive sentences. Martin v. United States, 285 F.2d 150 (10th Cir. 1960).

One case cited by petitioner appears to be contra to these stated principles, United States v. Williams, an unreported case from the Eastern District of Arkansas, November 13, 1956. Entering an order on a motion to correct commitment, the court said that a provision in a sentence which provides that one sentence should "run consecutively with" another sentence is not effective to constitute consecutive sentences. There was no opinion filed with the order and the exact facts and circumstances are unknown. However, this is such a departure from the other cases, that, in fairness to that court, there must have been facts which showed that concurrent sentences were intended. Nothing in the order indicates that the correction was based on the use of the word "with" rather than "to".

■ This Court is of the opinion that the principles set forth in the above cited cases are sound and just, and have application to the instant case. The sentences given Rakes were handed down in open Court, case by case, and Rakes was told the sentences were to be served consecutively. To clarify the sentences, and clear up any possible misunderstanding, the Court advised the petitioner:

"In other words what it means in brief is that, Mr. Rakes, the Court is giving you five years in prison, one year each on five of the cases and on three of the cases giving you one year that is to run concurrently."

The meaning and intention of the Court is manifestly clear; and in view of the fact that the words used in the sentences are legally adequate to effectuate consecutive sentences, the Court finds no merit in the petitioner's contention that the sentences are ambiguous.

■ Petitioner, in his motion, also alleges that the judgment sets forth no order of sequence in which the sentences are to be served. Petitioner is correct that there must be certainty in the sequence of sentences when consecutive sentences are imposed. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. Petitioner is likewise correct in saying that when the sequence is so uncertain and ambiguous that it is impossible to determine which sentence is being served, that the consecutive sentences must be given concurrent effect. United States v. Patterson, 29 F. 775 (1887). Petitioner is not correct, however, when he says that no order of sequence is set forth in this case. The sentences are crystal clear in their sequence; the petitioner is able to determine at any time what sentence he is then serving.

Petitioner asserts that "identical words" as used in this case were corrected and made concurrent in United States v. Hightower, an unreported per curiam decision by Judge Clayton, of the Northern District of Mississippi (August 8, 1960). In Hightower's case, he was sentenced on two criminal cases, the sentence in one to run consecutively with the sentence imposed in the other. The effect of that language, the court said, "is that no one can tell which sentence was first to be served and which was last to be served."

In the case at bar, there is no such ambiguity, the sentences set forth the exact order in which they were to be served. The Court first sentenced the petitioner in one year on Action No. 6410. The Court then sentenced him to one year on Action No. 6403, to run consecutively with the sentence in Action No. 6410; each consecutive sentence was tied with the consecutive sentence immediately preceding. There can be no question as to which sentence the petitioner is serving at any time.

For the reasons set forth herein, and after full consideration, the motion of Willie Junior Rakes to correct the sentences imposed in Criminal Actions Nos. 6403, 6406, 6407, and 6408, respectively, is in all things denied.