THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES E. NELSON, Defendant-Appellant.

(No. 54540;

First District—April 21, 1971.

Gerald W. Getty, Public Defender, of Chicago, (John E. Hughes, Norman W. Fishman, and James J. Doherty, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Joseph Romano, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Defendant, James E. Nelson, pleaded guilty to a charge of burglary and was sentenced to one year and not more than two years in the Illinois State Penitentiary, said sentence to run consecutively to two other sentences the defendant was to serve for two previous convictions. Appellant contends that the sentencing language of the court is vague and indefinite so that it cannot be accurately determined and that therefore the sentence in the instant case should run concurrently instead of consecutively. Let us examine the trial court's sentencing order:

"THEREFORE, it is ordered and adjudged by the Court that said Defendant JAMES E. NELSON, be and he hereby is sentenced to the Illinois State Penitentiary for the crime of burglary in manner and form as charged in the indictment whereof he stands convicted, for a term of years, not less than ONE (1) year, nor more than TWO (2) years, for the crime whereof he stands convicted * * *.

AND IT FURTHER APPEARING to the Court that the said Defendant JAMES E. NELSON, in cause Number 68-253, has on March 25, 1968, been sentenced by the Honorable Judge FRANK J. WILSON, of the Circuit Court to imprisonment in the Illinois State Penitentiary, for a term of years not less than FIVE (5) years, nor more than FIFTEEN (15) years, for the said crime of burglary in manner and form as charged in the indictment, in cause Number 68-253 * * *.

IT IS FURTHER ORDERED AND ADJUDGED by this court that the imprisonment of said Defendant JAMES E. NELSON, under the sentence imposed herein against him in the instant pending cause Number 68-666, SHALL NOT COMMENCE UNTIL THE EXPIRATION of the imprisonment under the sentence of the Defendant for the crime of burglary in manner and form as charged in the indictment in cause Number 67-4006."

Prior to the sentencing order, the trial judge after talking to the defendant about his record following the recommendations of the State and the defense counsel's argument in mitigation said:

"All right this will be the sentence of the court. You will be sentenced to the Illinois State Penitentiary not less than one year nor more than two years and that sentence is to run consecutive to the five to fifteen that you are doing for burglary and the one to two that you are also doing for burglary and it will be the second consecutive sentence."

Appellant contends that it cannot be determined when the commitment under the first court's sentence expires and that it is impossible

to determine either the commencement or expiration of the sentence under the second court's order. We find no difficulty with the language of the sentencing order.

Appellant calls our attention to the case of the *U.S. ex rel. Chasteen v. Denemark*, 138 F.2d 289. We agree with the U.S. Court of Appeals' decision, but it has no application to the instant appeal. In said opinion the U.S. Court of Appeals said:

"It is true that where a defendant is sentenced upon different indictments, the correct method of entering judgment is not for the total time in gross, but for a specified time under each indictment, the time under the second to commence when the first ends * * * [citations omitted.], but the judgment entered in a case of cumulative punishment must be of such certainty that the commencement of the second and termination of the first sentence may be seen from the record. *People v. Decker*, 347 Ill., 258, 261."

The appellant cites the case of *People v. Horodecki* (1968), 15 Ill.2d 130, 154 N.E.2d 67. We fail to see how this case supports the appellant's contention. In it the trial court entered a *nunc pro tunc* order directing the clerk to amend the judgment order by adding the phrase: "sentence to run consecutively."

Another case cited by defendant, *Ex parte Lamar* (1921), 274 F. 160 holds: "A sentence should be so complete as to need no construction of a court to ascertain its import. It should be so complete that to ascertain its meaning it will not be necessary to supplement the written words by either a non-judicial or ministerial officer. He [the defendant] must find what the sentencing judge intended from the language which he used."

In the instant case, there is no uncertainty of the sentencing order. The trial court not only instructed the defendant that the instant sentence was to run consecutive to the other sentences, but that it would be the second consecutive sentence. The court order does state explicitly that the defendant's sentence is to take effect only after the two previous sentences have been served.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.