**BIDDLE, Warden, etc., v. HALL.**

(Circuit Court of Appeals, Eighth Circuit. November 8, 1926.)

No. 7216.

**1. Criminal law ⬤⟩1216(2).**

Where court, on finding of guilt of more than one offense, desires imprisonment under one sentence to commence at expiration of another, sentence must so state, or terms will run concurrently.

**2. Criminal law ⬤⟩995(1).**

Sentence must be certain, definite, and consistent in all its terms, and not ambiguous.

**3. Criminal law ⬤⟩1216(2)—Sentences on conviction under two indictments, for imprisonment to begin on same day, but not to run concurrently, held to have imposed concurrent terms of confinement.**

Sentences on conviction under two indictments, for imprisonment to begin on certain date, and providing that sentence was not to run concurrently with one in other case, *held* to impose concurrent terms of confinement, since provision for terms to begin on same day was irreconcilable with provision that sentences were not to run concurrently.

**4. Habeas corpus ⬤⟩113(12).**

Failure of district attorney to notice petition for habeas corpus was prematurely filed will be construed as concession that suit was not premature, on assumption that there was allowance for good behavior.

Stone, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus by Robert Weaver Hall against W. I. Biddle, as Warden of the United States Penitentiary at Leavenworth, Kan. Judgment sustaining the writ, and discharging petitioner, and respondent appeals. Affirmed.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty, of Topeka, Kan., on the brief), for appellant.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

LEWIS, Circuit Judge. This is a proceeding in habeas corpus. Appellee's petition for the writ shows that on May 16, 1924, he was sentenced by the District Court for the District of Wyoming, on his pleas of guilty to two indictments there pending as cases Nos. 2198 and 2199, to terms of confinement in the penitentiary at Leavenworth, of a year and a day in each case; and he alleged that he had served the terms imposed and was being unlawfully held in custody by the warden. Appellant challenged the sufficiency of the petition by demurrer which was overruled, and he declined to plead further. The court then ordered that the writ issue and that appellee be discharged.

The point in the case is whether the two sentences are cumulative or concurrent. A copy of each sentence is made an exhibit and part of the petition by reference. In Case No. 2198 the sentence is this: that Robert Weaver Hall be confined in the United States Penitentiary at Leavenworth, Kansas, "for the period of one (1) year and one (1) day from this date, this sentence not to run concurrently with sentence in No. 2199 Criminal"; and in Case No. 2199 it is this: that Robert Weaver Hall be confined in the United States Penitentiary at Leavenworth, Kansas, "for the period of one (1) year and one (1) day from this date, this sentence not to run concurrent with sentence in No. 2198 Criminal."

**[1-3]** It is a well-settled principle of criminal law that—

"Where defendant is found guilty of more than one offense, if the court desires to have imprisonment under one sentence commence at the expiration of another, the sentence must so state, or else the two terms of imprisonment will run concurrently, and defendant will be discharged at the expiration of the longest term." 16 C. J. p. 1307; 25 Am. & Eng. Ency. of Law (2d Ed.) pp. 307, 308, 309; 19 Ency. of Pl. & Pr. p. 484; Kirkman v. McClaughry (C. C.) 152 F. 255, 258; Id., 160 F. 436, 90 C. C. A. 86. A great many cases supporting the rule are referred to in the above citations.

It is also a well settled rule in criminal law that a sentence must be certain, definite and consistent in all its terms, and not ambiguous. 16 C. J. p. 1303; 19 Ency. Pl. & Pr. p. 476. Each sentence imposed confinement for one year and one day from May 16, 1924, and neither expressly provided that the terms should be served consecutively. It is impossible to reconcile the provision in each sentence, that the term began on the day thereof, with the succeeding clause, that the sentence in each case was not to run concurrently with the sentence in the other; nor is this clause sufficient to make the terms consecutive. In order to accomplish that it must be so stated, as the authorities declare. We think the sentences must be construed as imposing concurrent terms of confinement.

**[4]** We notice that the petition for the writ was filed March 11, 1925. It was demurred to March 25, and the order directing issuance of the writ and discharge of appellee was made on March 27, 1925. The district attorney in his argument here and in his brief takes no notice of that fact, and says that the sole question is whether the sentences run concurrently or consecutively. The petition alleges that appellee had served out each of the sentences. We can hardly believe that the district attorney would have overlooked the point if the petition had been prematurely filed, taking appellee's theory of the case; and so we assume there was allowance for good behaviour and time so allowed had been deducted from the year and a day. We construe the silence of the district attorney as a concession that the suit was not premature.

Affirmed.

STONE, Circuit Judge (dissenting). I think the intention of the trial court is clear, as expressed in the sentences, that they should be served consecutively. This must follow from the language in each sentence that "this sentence not to run concurrently with sentence in" the other case. The only basis for confusion is that the sentences were to begin upon the same day. I think the language of these sentences should be construed in the light of those matters to which they refer. No reason appears why it could make any difference which sentence was served first and, obviously, no such difference could exist.