**Thomas E. YOUNG and Margaret Rita Young, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 15385.

United States Court of Appeals
Eighth Circuit.

Jan. 3, 1956.

Rehearing Denied Jan. 30, 1956.

Appellants pro se.

Robert Vogel, U. S. Atty., Fargo, N. D., for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from an order denying a motion of the appellants for the vacation of sentences which they are presently serving and which were imposed by the United States District Court for the District of North Dakota on October 31, 1952. One of the contentions of the appellants is that they did not competently waive, and were not properly informed of, their right to be represented by counsel when they entered pleas of guilty, exactly one year before they were sentenced, although at the time sentences were pronounced they were represented by counsel of their own choosing and made no motion for leave to withdraw their pleas. The other contention is that they were induced by Government counsel to enter pleas of guilty by a promise that they would receive lesser sentences than were imposed upon them.

The Judge who sentenced the appellants and who considered their motion to vacate their sentences has set forth in detail in his memorandum opinion the record of the proceedings which, in his judgment, conclusively showed that they were not entitled to have their sentences vacated or to be present at a hearing on their motion. There is no need to state again in detail what is shown by the files and records of the District Court.

██ The first contention of the appellants is utterly without merit. At the time they entered their pleas of guilty—a year before they were sentenced—they waived indictment and rejected the offer of the Court to appoint counsel for them. Their contention that they intended to waive representation by counsel with respect to waiving indictment only, and not with respect to entering pleas of guilty, is absurd. Moreover, as already stated, they were represented by counsel, employed by them, when they were sentenced, and no request was made for permission to withdraw the pleas which they now say were improvidently entered by them without having waived their right to counsel or being properly informed of that right. Under the ruling in the case of Canizio v. New York, 327 U.S. 82, 85–86, 66 S.Ct. 452, 90 L.Ed. 545, a failure of a trial court to inform a defendant of his right to counsel at the time a plea of guilty is entered, is cured when the defendant at the time of sentence is represented by counsel and has the opportunity to move to withdraw his plea and stand trial but fails to do so.

██ The contention of the appellants, who are intelligent and have had much practical experience with criminal procedure, that they were fraudulently induced by counsel for the Government to enter their pleas, we think is also without substance. At the time they were sentenced, Government counsel, who is now charged by the appellants with having improperly induced them to enter pleas of guilty, after stating in detail the numerous crimes which the appellants had committed and stating, in effect, that they had become a menace to society, recommended that they be given the maximum sentences allowed by law. All that the appellants' counsel could offer by way of extenuation or mitigation of their crimes was that, in perpetrating robberies and jail breaks, they did not use hurtful violence or show "innate meanness." There was no suggestion or intimation at the time of sentencing that their pleas were not intelligently and voluntarily entered or that any representations or promises had been made to them.

The failure of appellants and their counsel to claim any fraud or overreaching, when they heard the United States Attorney urge in open court that, in view of their confirmed criminality and inability to rehabilitate, they constituted a menace to society and should be given the maximum penalty under the law, and listened to him specifically state that "In the case against Young, that means 25 years," and "In the case against Mrs. Young, it means 20 years," and when, with full opportunity afforded them for making reply, they did not assert that they had been imposed upon or misled in relation to the Government's position on their sentence but merely requested the court to grant them leniency on other grounds—and their further muteness as to their present contention, when the court finally indicated its belief in the fairness and propriety of the Government's view in the situation, saying, "After giving it careful thought, I am of the opinion that the recommendation of the District Attorney is justified"—hardly leave any basis for appellants to contend, 2½ years later, that they had been misled, imposed upon, overreached and defrauded in the matter of their sentences.

We think that the records of the District Court conclusively refute the claim that the appellants were denied any federal right, or that they were entitled to be present at a hearing of their motion, or that their sentences are vulnerable to attack.

The order appealed from is affirmed.