**Thomas Edward YOUNG and Margaret Rita Young, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 15826.**

United States Court of Appeals Eighth Circuit.

July 24, 1957.

Before GARDNER, Chief Judge, and SANBORN and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

The appellants on May 25, 1957, filed motions in the United States District Court for the District of North Dakota, asking (1) for leave to appeal in forma pauperis from an order denying their latest motion to vacate the sentences imposed upon them by that court on October 31, 1952, upon their pleas of guilty; and (2) for the furnishing, at Government expense, of court records of the hearing on that motion, including a transcript of the evidence. The motions for leave to appeal in forma pauperis and for the furnishing of court records at Government expense were denied. The District Judge expressed the belief that an appeal would be futile, and certified, pur-

suant to 28 U.S.C. § 1915, and in conformity with Higgins v. Steele, 8 Cir., 195 F.2d 366, 368–369, that the appeal is not taken in good faith.

The appellants, who have now paid the docket fee in this Court and whose appeal is therefore now pending, have filed a motion asking that we review "the order denying the motion for the transcript in forma pauperis, and that an attorney be appointed to represent the petitioners [appellants] on this motion." In other words, we are asked, in effect, to appoint counsel to assist the appellants in attacking, as arbitrary and unwarranted, the certificate of the District Judge that the appeal is not taken in good faith. This despite the fact that on January 3, 1956, we held—in reviewing an order of the same District Court, which had denied, without a hearing, a prior motion of these same appellants to vacate the same sentences—"that the records of the District Court conclusively refute the claim that the appellants were denied any federal right, or that they were entitled to be present at a hearing of their motion, or that their sentences are vulnerable to attack." 228 F.2d 693, 694.

■ The appellants, in support of their request that we appoint counsel to assist them in attempting to upset the certification of the District Judge, and that the Government be required to furnish them with a transcript of the evidence they wish to have included in the record on appeal, quote the following from Johnson v. United States, 352 U.S. 565, 566, 77 S.Ct. 550, 551, 1 L.Ed.2d 593: "Moreover, a Court of Appeals must, under Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, afford one who challenges that certification [that the appeal is not taken in good faith] the aid of counsel unless he insists on being his own." This was said by the Supreme Court in connection with an attempted appeal from a conviction in a criminal case which had not been terminated. The statement has no application to appeals from orders denying motions for the vacation of sentences which

have become final and are no longer subject to appeal. See Gershon v. United States, 8 Cir., 243 F.2d 527.

■ This Court, by virtue of 28 U.S.C. § 1915(b), is authorized to direct, in a proper case, that the expense of furnishing a record on appeal to an indigent defendant be paid by the United States, but it will not do so in cases which are without merit and doomed from their inception.

The motion of the appellants for the appointment of counsel and the furnishing of a transcript of evidence is denied.

The appellants, if they elect to proceed, may submit their appeal to this Court upon the original records of the District Court and upon written briefs in which they may state the substance of the evidence taken at the hearing upon which the denial of their last motion to vacate sentences was based. The Government in its answering brief may supplement or correct the appellants' statement as to the evidence. The briefs need not be printed, and there will be no oral argument.