Abraham **CHALUPOWITZ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15779.

United States Court of Appeals
Ninth Circuit.

April 24, 1958.

Abraham Chalupowitz, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, FEE and HAMLEY, Circuit Judges.

PER CURIAM.

This is a proceeding pursuant to § 2255, Title 28 of the United States Code, for the setting aside of a sentence on the claim of denial of due process.

Appellant was indicted in May of 1951 on charges of narcotic violation, and entered pleas of not guilty. The indictment was in four counts, the first and third being under the Harrison Act, 26 U.S.C. §§ 2550 et seq., 3220 et seq., and the second and fourth under the Jones-Miller Act, 21 U.S.C.A. § 171 et seq. Count one charged the sale of 211 grains of heroin on December 8, 1950. Count two was that on the same day appellant concealed and facilitated the concealment of the heroin. Count three was that on December 14, 1950, he sold 5 ounces and 14 grains of heroin. In count four he was charged with the concealment and facilitation of the concealment of the heroin sold on that day.

In preparation for the making of his defense, appellant employed able counsel, one of whom was Mr. George T. Davis, a member both of the State Bar and of the bar of the United States District Court for the Northern District of California, who was substituted by appellant for former counsel.

On August 17, 1951, appellant, his counsel being present, withdrew his plea of not guilty to counts one and two of the indictment, and pleaded guilty thereto. He then, by prearrangement with his counsel and the United States Attorney, moved for the dismissal of counts three and four, and his motion was granted. He was thereupon sentenced to five years' confinement under count one and ten years' confinement under count two, the sentences to run consecutively. (We may add at this point that appellant had had three previous convictions for narcotic offenses, having received three previous sentences of four years, eight years, and eight years, respectively.)

It appears that in 1953 appellant was a witness for an accused in another case. On cross examination, on answer to a question by government counsel in reference to his own plea of guilty in August of 1951, he stated, "That was probation, and I pleaded guilty in that court. I wasn't tried. I was guilty and I pleaded

guilty." He repeated this statement in substance later on in the course of his testimony.

It may be added here that in January 1955 District Judge Murphy, who had acted in the matter originally, denied a motion of appellant for modification of sentence. In that proceeding none of the grounds presently urged were advanced.

In his present proceeding, begun in 1957, appellant's claim is that his defense counsel had informed him that if he would plead guilty to count two he would be given only a year's sentence, and after four months he would be deported; that defense counsel informed him that a deal had been made between the United States Attorney, the presiding judge, and defense counsel to the effect that a short sentence would be given him if he pleaded guilty. Thus he claims that he was denied due process of law.

The record upon entry of appellant's plea of guilty discloses that the United States Attorney, in the presence of appellant and his counsel, stated to the court that he had no objection to the dismissal of counts three and four of the indictment, but that he would ask the court on behalf of the United States Attorney's office and the Bureau of Narcotics, to impose the maximum sentence of imprisonment on counts one and two, and also the maximum fines. It further appears to have been made clear in the presence of appellant that the presiding judge would in no way be bound by any agreement of counsel with respect to the matter of appellant's sentence.

Appellant raises for the first time on this appeal the contention that his sentencing judge failed to comply with Rule 11 of the Rules of Criminal Procedure, 18 U.S.C., relating to pleas. However, appellant raised no objection at the hearing on his plea when the United States Attorney declared his intention of asking for the maximum sentence, nor did he move within 60 days to modify the sentence given him, nor, as already stated, did he raise the issue in his first peti-

tion to the trial judge five years later. In short, the court below had ample grounds for rejecting his story as being a pure fabrication.

For somewhat analogous cases, see Young v. United States, 8 Cir., 228 F.2d 693, and United States v. Lowe, 2 Cir., 173 F.2d 346.

Affirmed.