Thomas E. YOUNG and Margaret Rita Young, Appellants,

v.

UNITED STATES of America, Appellee.

No. 15826.

United States Court of Appeals Eighth Circuit.

Sept. 19, 1958.

Rehearing Denied Oct. 16, 1958.

---

**4.** McDaniel v. Gulf & South American Steamship Co., 5 Cir., 1955, 228 F.2d 189; Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690.

Thomas E. Young and Margaret Rita Young pro se.

Robert Vogel, U. S. Atty., Fargo, N. D., for appellee.

Before SANBORN, JOHNSEN and MATTHES, Circuit Judges.

JOHNSEN, Circuit Judge.

The trial court, on hearing, denied a motion by appellants (who are husband and wife) for vacation of the convictions and sentences entered against them on their pleas of guilty to a number of criminal offenses. Consecutive sentences in a total of 25 years had been imposed upon the husband, and in a total of 20 years upon the wife.

The court had granted them leave to file and have the motion heard in forma pauperis; had required the government to produce them in court to enable them to be present at the hearing; had appointed counsel to represent them; and had subpoenaed at public expense the witnesses which they demanded.

Their request, after denial of the motion on its merits, for leave to appeal in forma pauperis, was, however, refused, the court certifying that the appeal was not taken in good faith. 28 U.S.C.A. § 1915(a). We upheld the certificate, and accordingly denied their request to be furnished with a transcript of the evidence at public expense, and to have counsel appointed to prosecute their appeal; but we granted them the following procedural privileges: "The appellants, if they elect to proceed, may submit their appeal to this Court upon the original records of the District Court and upon written briefs in which they may state the substance of the evidence taken at the hearing upon which the denial of their last motion to vacate sentences was based. The Government in its answering brief may supplement or correct the appellants' statement as to the evidence. The briefs need not be printed, and there will be no oral argument". Young v. United States, 8 Cir., 246 F.2d 901, 902.

This is the second attempt which appellants have made to have their sentences vacated. Their first motion was denied by the trial court without a hearing, on the ground that the files and records of the case conclusively showed that they were entitled to no relief on the basis asserted in that motion. We affirmed this holding. Young v. United States, 8 Cir., 228 F.2d 693.

They had alleged in their first motion (1) that they were not represented by counsel or advised of their right thereto at the time they entered their pleas of guilty; and (2) that they had been induced to enter their pleas of guilty on the promise and misrepresentation of government counsel that, if they so did, they would be given a sentence of not more than 5 years on all the charges. As to a sentence of such lightness, they said in their motion, "This was an attractive 'deal' to petitioners".

We held that, if they had not been advised of their right to counsel at the time of their pleas, this defect and such lack of representation were legally waived by them when they thereafter, at the time of sentencing, had hired counsel to represent them, and when, having such representation, they saw fit not to make any challenge to the pleas which they had entered. Our opinion declared that "a failure of a trial court to inform a defendant of his right to counsel at the time a plea of guilty is entered, is cured when the defendant at the time of sentence is represented by counsel and has the opportunity to move to withdraw his

plea and stand trial but fails to do so". 228 F.2d at page 694.

As to the other claim made in their first motion, that they were induced to plead guilty by promise on the part of government counsel that they would be given a 5-year package-sentence for all of their offenses, we held that the trial court was legally entitled to regard that contention as being conclusively shown by the files and records of the sentencing proceedings to be without substance either as a fact or in any event as a matter of alleged reliance.

First, of all, the record showed that they had hired an attorney to appear for them in the sentencing proceedings in an effort to induce the court to grant them leniency. No claim or suggestion was made in these proceedings that there had been any promise or inducement held out to them in this respect on the part of government counsel. And when, at the start of the sentencing proceedings, the court asked for a statement of the prosecution's views in the matter, government counsel made the firm recommendation that appellants be given the maximum penalty on each of the offenses to which they had pleaded guilty (post office burglaries, jail escape, and interstate motor-vehicle theft)—adding that in the case of the husband "that means 25 years", and in the case of the wife "it means 20 years". Two separate acts of motor vehicle theft were involved in the charges, one in connection with appellants' jail escape, and a previous one. The government dismissed the charge against the wife on the previous theft and left it standing only against the husband, which was the reason for the 5-year difference in the amount of the recommended sentences.

Government counsel openly declared in his statement that, while he had never previously recommended the maximum penalty in any criminal cases, he felt an obligation to do so in the present situation, because he was convinced, from the number and nature of crimes in which appellants had been engaged, both those immediately before the court and those involved in other jurisdictions (as to which appellants admittedly had indicated their desire to have transfer made under Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C.A., and their intention to plead guilty), that appellants were habitual and unregenerate criminals, not subject to changing their ways and representing a continued menace to society.

Appellants' counsel, with frank recognition of their chain of criminal conduct and guilt, undertook to urge in extenuation and leniency that they were not persons of "innate meanness" and that in all that they had done there had been involved no acts of violence against others. He made no claim that, in what government counsel had said, there existed any element of surprise or double-dealing. And when the trial judge announced that, after giving careful thought to the matter, he had concluded that the situation justified and called for sentences in accordance with the government's recommendation, there was no protest by appellants or their counsel, either at the time this statement was made, or when the 20 and 25-year sentences were thereafter pronounced, that there had been any overreaching, misleading, or even any misunderstanding in respect to the making and possible consequences of their pleas.

■ On the present motion, an attempt is made to escape the effect of our previous holding, by claiming that what we said as to appellants' representation by counsel on their sentencing, having left it without importance whether they were advised of that right at the time they entered their pleas of guilty, was not controlling in the situation, because their attorney was representing them in only one of the cases involved in the sentencing proceedings. This, they asserted, was the case of jail escape and motor vehicle theft incident thereto, which occurred after the entry of their pleas to the post office burglaries and the husband's plea to the previous motor vehicle theft charge. Their pleas of guilty to the jail escape and incident motor vehicle theft charges, however, were entered

just prior to the general sentencing proceedings on all the offenses.

While appellants claimed that they had hired the attorney to look after the jail escape and incident motor vehicle theft charges, and the attorney declared that this technically was the fact, the evidence indicated that all of the cases were gone over between them, with the attorney advising with them on at least eight occasions; that the attorney was looking after their interests in all of the cases with their natural punishment relationship; and that appellants so knew and intended. The attorney conferred with government counsel as to the possibility of leniency or concurrent sentences being obtained for the various offenses, and he admitted that he was told that government counsel regarded this as out of the question. The husband had been on the FBI's list of the ten most wanted criminals, and both appellants had succeeded in eluding capture for almost a year after their jail escape.

Full report on the nature and result of these conferences was made by the attorney to appellants, so that they clearly were aware before the time of the sentencing proceedings that there was going to be no recommendation for leniency from government counsel and that no leniency was likely to be shown by the court.

On these facts, as well as from other circumstances appearing on the hearing of the motion here involved, the court clearly was entitled to find, as it did, that appellants were in fact represented by counsel prior to and in the sentencing proceedings on the charges in all of the cases involved; that "no promises were ever made to (appellants) as to the length of the sentence they would or might receive"; that appellants' claim that they had been induced to enter their pleas of guilty on misrepresentation or unfair misunderstanding was without merit; and that such pleas were in fact "freely and voluntarily entered".

■ Appellants further attempted to claim that the admissions and confessions underlying their pleas of guilty in two of the three cases had been improperly obtained by "threats and psychological pressure" on the part of a postal inspector. Among the things they alleged was that the postal inspector had told them he would have the county jailor at Billings, Montana, work on them, if they did not make a confession, and that shortly thereafter the jailor assaulted and attempted to commit rape upon the wife in her jail cell.

The evidence showed, however, that the wife had made a full oral statement regarding the numerous crimes in which the couple had engaged, while both of them were being transported in an automobile by some postal inspectors from Lewiston, Montana, to Billings, for appearance before a Commissioner, and that the written confessions which they had signed had been given after they had been taken before the Commissioner. The alleged molestation by the county jailor, which they asserted had caused them to excute the confessions, did not occur until several days later. Thus, it was that the trial court found "that such molestation, if it occurred, did not and could not have any influence upon the giving of such confessions". The court also made the additional finding from the evidence that the confessions "were freely and voluntarily given and contained many statements of fact that could be known only to (appellants)".

■ As another basis for attack upon the validity of their pleas and sentences, appellants alleged that, as to two of the three cases involved, in signing waivers of indictments and consents to be prosecuted on information, under Rule 7(b), Federal Rules of Criminal Procedure, 18 U.S.C.A. they were not advised and were without knowledge of their constitutional right to have these charges presented to a grand jury. The trial court found, and the record adequately supports the finding, that they had been properly advised of and had intelligently waived their rights both as to the matter of representation by counsel and of having the charges against them submitted to a

grand jury. Their attitude, as expressed by them in open court at the time of their waiver of counsel and indictment, was "we want to hurry up and get it over with, have the whole thing over with".

The waiving of indictments was made by them on separate occasion and appearance as to each case. They were first brought into court in relation to the post office burglaries charged against them. Government counsel stated to the court that he had had them brought in, in connection with these burglaries charges, after previous consultation with them, for the purpose of having them determine "whether or not they wish to waive indictment and consent to be prosecuted by information". The court advised them of their right to be represented by counsel and stated that if they did not have the money to hire a lawyer he would appoint one for them. They each declared that they did not wish to have a lawyer. Government counsel then read a form of waiver which he had prepared for each, consenting that "the proceeding may be by information instead of by indictment" and told each one separately that "if you sign this, you will not be indicted by a grand jury but will be proceeded against by information immediately". He inquired of them individually, "Do you understand that?", and upon answer, "Yes, sir", being made, asked each one "Are you willing to sign it?", to which they replied "Yes". They were handed copies of the prepared information and were thereupon arraigned.

The same procedure was repeated on a later date with respect to the motor vehicle theft charge against them. Each signed a waiver of indictment and consent to prosecution by information, and both stated in answer to a direct question by government counsel that they understood what they were doing. On the arraignment following, the wife stated in substance that she was not involved in this particular crime, in that she had not been present when the theft occurred, and on her suggestion the court left the matter open and without plea as to either of them, until government counsel could make further check on her claim of nonparticipation in the immediate offense.

The matter of waiving indictment and consenting to prosecution by information on a post office burglary in South Dakota and on three post office burglaries in Nebraska was also discussed; and appellants further executed consents to have transferred to North Dakota for disposition an indictment of 9 charges from Kansas.

Later, after government counsel had made further investigation as to the wife's participation in the motor vehicle theft, appellants were brought back into court and government counsel informed the court that he had concluded that the wife was not involved in this offense. The charge was dismissed as to her, and a new information was filed against the husband alone, to which he pleaded guilty.

On the jail escape and motor vehicle theft in which appellants thereafter engaged, an indictment had been returned against them, and pleas of guilty were entered by each of them to these charges, on arraignment, with representation of counsel, just preceding the sentencing proceedings for all of the three cases, as referred to above.

We have gone into more detail than appellants' contentions merit, although we have not undertaken to set out the whole of the evidence underlying the court's findings and conclusions. Enough has been stated to demonstrate the complete lack of merit in appellants' assertions, as well as to characterize the additional contentions which they have made, which are so lacking in compelling substance as not to warrant any prolonging of this opinion with further discussion. Clearly, appellants' rights were in every respect solicitously safeguarded, and ample basis existed for the court to find that no defect, deprivation, or other injustice had existed, entitling them to have the sentences, or any of them, vacated.

Only one of the additional contentions will therefore be touched upon. This is their assertion that the court im-

properly took into account the charges pending against them in other jurisdictions, in the length of the sentences which it imposed.

They rely upon Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 1255, 92 L. Ed. 1690, where a sentence was held to be invalid, because the trial court, in the length of the sentence which it imposed upon the prisoner, had acted "on the basis of assumptions concerning his criminal record which were materially untrue", and which, in view of the prisoner's lack of representation by counsel, had caused "the careless or designed pronouncement of sentence" to rest on "a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide", as to make the sentencing proceedings lacking in due process. 334 U.S. at page 741, 68 S.Ct. at page 1255. See also Keenan v. Burke, 342 U.S. 881, 72 S.Ct. 162, 96 L.Ed. 661; Smith v. United States, 5 Cir., 223 F.2d 750, 754.

But the sentencing proceedings here in no way fall within the injustice underlying or the condemnation made in the cases cited. Appellants, as has been pointed out, and as the trial court found, had the effective representation of able counsel, of their own choosing, in the sentencing proceedings on all three of the cases involved. No false statements are shown to have been made to the court as to appellants' criminal activities or previous records. Nor was there any improper element of consideration involved in the court's sentencing statement, of which appellants complain: "I am convinced that you are confirmed criminals and that this Court must impose substantial periods of confinement. * * * I am not going to sentence you for the things that you did outside of this jurisdiction, of course. There are many other charges pending against you but naturally I am going to take that and must take that into consideration in determining whether or not leniency should be exercised in imposing sentences in these cases".

It will be recalled, as previously noted, that as to these various other charges appellants had expressed the desire to get them all transferred under Rule 20, and the intention to plead guilty to them, in order to "have the whole thing over with". Thus, the court's sentence, in taking into consideration appellants' various other offenses, was not, as in the Townsend case, supra, being rested upon "a foundation * * * materially false". The charges, with the indications made by appellants of their guilt in respect thereto, were entitled to be and were used by the court in its consideration of appellants' character, and particularly their penchant for post office burglaries, as bearing upon "whether or not leniency should be exercised in imposing sentences in these cases". No violation of due process could possibly exist in this consideration, on the circumstances involved.

Affirmed.