**Thomas Edward YOUNG and Margaret Rita Young, Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16287.**

United States Court of Appeals
Eighth Circuit.

Feb. 11, 1960.

Thomas Edward Young and Margaret Rita Young, pro se.

Robert Vogel, U. S. Atty., Fargo, N. D., for appellee.

Before JOHNSEN, Chief Judge, and WOODROUGH and MATTHES, Circuit Judges.

JOHNSEN, Chief Judge.

Appellants, who are husband and wife, are under conviction and sentence for a number of different offenses, including some Post Office burglaries. Involved in the proceeding before us are five consecutive sentences of five years each, or a total of 25-years imprisonment, against the husband, and four consecutive sentences of five years each, or a total of 20-years imprisonment, against the wife.

This proceeding is the third attack upon the sentences referred to which has been attempted to be made by appellants through motions under 28 U.S.C.A. § 2255. The grounds and results of their previous attacks are set forth in Young v. United States, 8 Cir., 228 F.2d 693; 8 Cir., 246 F.2d 901; 8 Cir., 259 F.2d 641.

The instant motion, which was denied by the District Court on the face of the record of the sentencing proceedings, seeks to have it declared that the form and effect of the court's pronouncement legally left all of the sentences against each of appellants as concurrent and not consecutive in their operation, and further seeks to have the language of the signed judgment and commitment modified to so reflect.

The sentences had all been imposed at the same time in three separate criminal proceedings. The court, in making its pronouncement, dealt with each of the proceedings in its chronological order, and with each separate count therein in its numerical sequence. No ambiguity or question therefore exists as to the order and sequence in which the several sentences actually were imposed and pronounced.

The pronouncement of the court was made in the following form and expression [174 F.Supp. 423]:

"Thomas Edward Young, it is the sentence of this Court that in case No. 8048, as to Count 1 you be confined * * * for a period of five years; that you also be confined on Count 2 for a period of five years. Margaret Rita Young, it is the sentence of this Court that you be confined * * * under Count 1 for a period of five years and under Count 2 for a period of five years.

"As to case No. 8052, in which you, Mr. Young, are the sole defendant, * * * it is the sentence of the Court that you be confined for a period of five years.

"As to case No. 8136, on Count 1, which charges the two of you jointly, it is the sentence of the Court that each of you be confined for a period of five years. On Count 2, you, Thomas Edward Young, it is the sentence of the Court that you be confined for a period of five years. On Count 3, it is the sentence of the Court that you, Margaret Rita Young be confined for a period of five years.

"It is the order of this Court that these sentences be served consecutively, which means for you, Mr. Young, a total sentence of 25 years and for you, Mrs. Young, a total sentence of 20 years."

Like the court below, we are unable to see how this can be claimed, in ordinary understanding, to present any doubt as to the court's intent or as to the meaning which would be conveyed to the appellants thereby, or how a commitment drawn in conformity thereto could leave any uncertainty on the part of prison officials as to the mode of its execution and operation.

Here the signed judgment and commitment was made to set out the several sentences in the order in which they had been pronounced. As to the sentences in case No. 8048, there was added immediately following their enumeration a recital that they were "to run consecutively with each other". As to case No. 8052, a recital similarly was inserted, after statement of the sentence, that it was "to commence at the expiration of the sentence * * * in Criminal Case No. 8048". And as to Case No. 8136, following the listing of the sentences, there was a provision that they were "to run consecutively", and that those as to the husband were "to commence at the expiration of the sentence * * * in Criminal Case No. 8052", while those as to the wife were "to commence at the expiration of the sentence * * * in Criminal Case No. 8048".

While the language of the judgment and commitment thus was more detailed and precise than that of the pronouncement, it nevertheless was, as the trial court held, without any departure, except in its form, from the plain indication of intent, significance and operativeness reflected by the pronouncement in its whole.

United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, lends support and confirmation to the views which have just been expressed. In that case, the defendant had been convicted on each of the three counts in an indictment, and the trial court had imposed a sentence "for the term of five (5) years on each of said three counts", with the proviso added, "Said term of imprisonment to run consecutively and not concurrently".

An appeal was taken by the defendant to this Court to have it established that this created only a five-year and not a fifteen-year term, and this Court held that, notwithstanding the proviso in the pronouncement and judgment that the sentences were "to run consecutively", they were required in the situation to be given a concurrent operation, because there had been no specification as to their "order of sequence". Daugherty v. United States, 8 Cir., 2 F.2d 691, 692.

The Supreme Court granted certiorari, reversed, and said, 269 U.S. at page 363, 46 S.Ct. at page 157,

"Sentences in criminal cases should reveal with fair certainty the

intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard, the judgment here questioned was sufficient to impose total imprisonment for 15 years made up of three 5-year terms, one under the first count, one under the second, and one under the third, to be served consecutively, and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry. The words, 'said term of imprisonment to run consecutively and not concurrently,' are not consistent with a five-year sentence."

Appellants argue, however, that this recognition of operational sequence from reasonable and natural implication, where the court has declared in its pronouncement that the sentences are to run consecutively and not concurrently, cannot be regarded as having any application to sentences imposed on separate indictments but at most to those imposed on the counts of the same indictment.

It is true that the sentences involved in the Daugherty case were on counts of the same indictment. And at the time of Daugherty, there was an old habeas-corpus decision (1887) by Mr. Justice Bradley, sitting on circuit, United States v. Patterson, C.C.D.N.J., 29 F. 775, 776, where a sentence "That the prisoner * * * be confined * * * for the term of five (5) years upon each of the three indictments above named, said terms not to run concurrently" was held to be too uncertain as to sequence to entitle the terms to a consecutive operation, because the pronouncement did not specify "the order in which they were to run". 29 F. at page 778. Also, this Court, in a two-to-one decision, Biddle v. Hall, 1926, 15 F.2d 840, had applied the holding of the Patterson case to two sentences of a year and a day imposed on separate indictments,

which the pronouncement declared were not to run concurrently.

The opinion in Daugherty made reference to the Patterson case, on which this Court had relied in its holding, 2 F.2d 691, and said, "We think the reasoning of that opinion is not applicable to the present situation". 269 U.S. at page 363, 46 S.Ct. at page 157. It further remarked that "The question there was materially different from the one here presented, which concerns *counts* in an indictment". Ibid. We do not, however, regard this as constituting any implied recognition or approval on the part of the Supreme Court of an absolute and artificial rule that, no matter what a court may have done and said in imposing sentences on separate indictments, such sentences cannot at all have any consecutive or successive operation, unless the court expressly specifies the sequence in which they are to be served.

As a matter of fact, while this is the effect which appellants seek to have imputed to Patterson, we do not believe that the uncertainty which that case and Hall, supra, regarded as existing as to intended sequence in the situations there involved is required or is entitled to be extended beyond the facts which the opinions reveal, or that such facts have any relationship to the present situation.

Neither in Patterson nor in Hall does it appear that the court, in pronouncing sentence, took up the indictments separately and meted out punishment on them in their chronological order. Whatever uncertainty as to sequence of intended service might be argued to be capable of existing, where the court has not dealt with the indictments in their chronological order, or perhaps even where the pronouncement has referred to them only generally or collectively and without any individual identification, we do not believe presents any sound element of application or persuasion as to the present situation.

Here, as has been indicated, each indictment was taken up by the court in its chronological order, identification was

made of it by its individual docket number, and sentence was pronounced in relation to it before consideration was engaged in of the next proceeding. When all of the proceedings had been thus dealt with, the court made clear the intent, relationship and significance of what was being done, by an express direction, as a part of its pronouncement, "that these sentences be served consecutively, which means for you, Mr. Young, a total sentence of 25 years and for you, Mrs. Young, a total sentence of 20 years".

Just as much as in the case of the separate counts in an indictment does the manner in which the court dealt with the separate indictments here make clear, it seems to us, on the basis of reasonable and natural understanding, the extent of the terms to be served and the sequence in which the sentences were intended to operate in effecting this result. As to Patterson and Hall, we therefore need not go further in our consideration than the distinction which we have made. Any attempt to recognize them as legally having any scope beyond this would, we think, make them wholly artificial and unconvincing.

Finally, appellants contend that the language in the signed judgment and commitment that the sentences on the two counts in case No. 8048 were "to run consecutively with each other" was without operable effect and that these sentences therefore had to be regarded as being concurrent. The language used in the pronouncement clearly made the sentences consecutive, as we have previously discussed. If the insertion of the phrase "with each other" in the judgment and commitment constituted any departure from the effect of the pronouncement, this would be subject to being appropriately corrected. But we do not believe that, after separate specification of the sentences on the two counts in their numerical sequence, the use of the expression "to run consecutively with" could reasonably be regarded as having any other natural and contextual meaning in the situation than "consecutive to". A similar conclusion was reached in Fulton v. United States, 5 Cir., 250 F.2d 281, and we agree with the discussion in that opinion.

The denial made of appellants' motion is affirmed.