Thomas Edward YOUNG, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 4452.

United States District Court
D. North Dakota,
Southeastern Division.

June 13, 1969.

Thomas E. Young, per se.

Harold O. Bullis, U. S. Atty., Fargo, N. D., for respondent.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

This is the fourth attempt by petitioner, Thomas E. Young, to have vacated the convictions and sentences entered in Criminal Nos. 8048, 8052 and 8136. For the chronology and results of the prior attacks see Young v. United States, 228 F.2d 693 (8th Cir. 1956), cert. denied 351 U.S. 913, 76 S.Ct. 704, 100 L.Ed. 1447; 246 F.2d 901 (8th Cir. 1957), cert. denied 355 U.S. 917, 78 S.Ct. 348, 2 L.Ed. 2d 277; 259 F.2d 641 (8th Cir. 1958), cert. denied 359 U.S. 917, 79 S.Ct. 595, 3 L.Ed.2d 579; 274 F.2d 698 (8th Cir. 1960), aff. Payne v. Madigan, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853.

In his present motion, filed pursuant to 28 U.S.C.A. § 2255, petitioner contends:

"The convictions and sentences pursuant to which petitioner is being detained were imposed in violation of the 'due process' clause of the 5th amendment to the Constitution of the United States, and in violation of Rule 11, and Rule 20, Fed.Rules of Criminal Procedure, in that:

"(a) Petitioner's guilty pleas were not voluntarily and intelligently entered, as said pleas were induced by promises and expectations with respect to Rule 20, fed.Rules of Crim.Proc.

"(b) The sentencing Court failed to comply with Rule 11, fed.Rules of Crim.Proc. in that the Court did not make any determination that the pleas of guilty were made voluntarily with full understanding of the nature of the charge."

In support of petitioner's contention (a) he argues that, "If Petitioner had known, or had been advised, that Rule 20 proceedings were *not* still in effect, he most certainly would not have entered a guilty plea to Cr. 8136, and further, would have demanded of the court that he be allowed to withdraw his former pleas of guilty to all charges originating in this District, District of North Dakota."

This argument is essentially one of those presented and disposed of after a hearing held pursuant to his second attack of his convictions and sentences. After that hearing, held on April 4, 1957,

the Court made and entered Findings of Fact, Conclusions of Law and Order for Judgment on May 13, 1957, which included the following:

"Findings of Fact

\* \* \* \* \* \*

"XXV. There is some disagreement between the testimony of the Petitioners and the testimony of the Postal Inspectors as to how discussions of the possibility of disposing of other federal charges against Petitioners in other jurisdictions under Rule 20 of the Criminal Rules of Procedure occurred. It is, however, immaterial. There is no impropriety in the government through its agents advising defendants as to the operation of said Rule 20. That there be an understanding between the defendants and the prosecution regarding proceeding under said rule is axiomatic as there must be consent not only of a defendant, but the United States Attorney of the District to which a case is to be transferred and the United States Attorney of the District in (sic) which the case to be transferred is then pending. *Such agreement, and the fact that proceedings under Rule 20 aforesaid were not consummated because of the escape of the defendants could have no possible bearing on the issues here under consideration unless the possible disposition of said cases in this District was used to coerce the confessions and pleas of these Petitioners as contended by the Petitioners. There is no evidence to support this contention. The Petitioners were anxious to so proceed both when they made their confessions and when they entered their pleas of guilty feeling such procedure would operate to their advantage. Moreover, when they were returned to North Dakota, after their escape, they knew the cases in the other jurisdictions would not be disposed of by this court.*" (Emphasis supplied.)

The petitioner appealed from the order denying his motion for vacation of the convictions and sentences entered against

him and the District Court's action was affirmed in Young v. United States, 259 F.2d 641 (8th Cir. 1958), cert. denied 359 U.S. 917, 79 S.Ct. 595, 3 L.Ed.2d 579.

Section 2255, Title 28 U.S.C.A., provides in part that, "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." This has been construed to mean that successive motions under § 2255 are permissible only "if the motion is not frivolous, malicious or vexatious and presents a new or dissimilar ground for relief available under § 2255." Lipscomb v. United States, 298 F.2d 9 (8th Cir. 1962), cert. denied 369 U.S. 853, 82 S.Ct. 941, 8 L.Ed.2d 12; Richerson v. United States, 411 F.2d 656 (9th Cir. 1969).

In support of petitioner's contention (b) he argues that, "At time of pleas of guilty, October 31, 1951, Cr. 8048, and November 30, 1951, Cr. 8052, and October 31, 1952, Cr. 8136 in this District, Petitioner was not informed of any of his rights and safeguards with respect to Rule 11, fed.Rules of Crim. Proc. nor as to the state of the rule 20 proceedings, so that he would have a full and complete understanding of what was taking place and a positive understanding as to the length of sentence he was subject to receive," citing McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. *McCarthy*, decided April 2, 1969, held that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11."

Subsequent thereto on May 5, 1969, in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, the Court held that " \* \* \* in view of the general application of Rule 11 in a manner inconsistent with our holding in *McCarthy,* and in view of the large number of constitutionally valid convictions that may have been obtained without full compliance with Rule 11, we decline to apply *McCarthy* retroactively. We hold

that only those defendants whose guilty pleas were accepted after April 2, 1969, are entitled to plead anew if their plea was accepted without full compliance with Rule 11."

Prior to its amendment,[1] effective July 1, 1966, Rule 11 provided:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nole contendere*.  The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.  If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty."

It is thus only necessary to determine if petitioner's pleas were "made voluntarily with understanding of the nature of the charge" and the files and records of Criminal Nos. 8048, 8052 and 8136 conclusively refute any contention to the contrary.

The motion of petitioner, Thomas Edward Young, to vacate the judgments and sentences in Criminal Nos. 8048, 8052 and 8136, must be and the same is hereby denied.

---

1. Both *McCarthy* and *Halliday* construed Rule 11; as amended July 1, 1966.