**Thomas E. YOUNG, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 71–1617.**

United States Court of Appeals, Eighth Circuit.

March 27, 1972.

William D. Yuill, Fargo, N. D., on brief for appellant.

Harold O. Bullis, U. S. Atty., and Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., on brief for appellee.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This case was brought by petitioner pursuant to 28 U.S.C. § 2255 to set aside the sentence imposed upon him in 1952 following a plea of guilty to charges alleging interstate transportation of a stolen motor vehicle. Young's attack on his conviction and sentence is one of many 2255 motions we have considered.[1]

The trial court in this case determined that petitioner's claims were based essentially on the same grounds previously raised and denied by this Court. His claim that the convicting court did not comply with Rule 11 in accepting his guilty plea was refuted by this Court in Young v. United States, 423 F.2d 677 (8th Cir.), cert. denied, 399 U.S. 915, 90 S.Ct. 2221, 26 L.Ed.2d 574 (1970); and his claim that he was not properly advised of his right to counsel was fully answered in Young v. United States, 228 F.2d 693 (8th Cir.), cert. denied, 351 U. S. 913, 76 S.Ct. 704, 100 L.Ed. 1447 (1956). The trial court then denied the motion on the basis of that part of 28 U.S.C. § 2255 which provides: "The sentencing court shall not be required to entertain a second or successive motion

1.  Young v. United States, 228 F.2d 693 (8th Cir.), cert. denied, 351 U.S. 913, 76 S.Ct. 704, 100 L.Ed. 1447 (1956); 246 F.2d 901 (8th Cir. 1957), cert. denied, 355 U.S. 917, 78 S.Ct. 348, 2 L.Ed.2d 277 (1958); 259 F.2d 641 (8th Cir. 1958), cert. denied, 359 U.S. 917, 79 S.Ct. 595, 3 L.Ed.2d 579 (1959); 274 F.2d 698 (8th Cir. 1960), aff'd sub nom. Payne v. Madigan, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853 (1961); 300 F.Supp. 373 (D.N.D.1969), aff'd 423 F.2d 677 (8th Cir.), cert. denied, 399 U.S. 915, 90 S.Ct. 2221, 26 L.Ed.2d 574 (1970).

for similar relief on behalf of the same prisoner."

We have carefully considered the allegations of the petitioner in light of the earlier cases and agree with Judge Davies that the points raised in this case are essentially the same as those raised and decided by us on earlier motions. The judgment is affirmed.