888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bernard M. WILLIAMS, Plaintiff-Appellant,
v.
H.F. SHIFLETT, Sergeant, Virginia Department of Corrections,
Defendants-Appellees.
 No. 89-6580.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1989.
Decided Oct. 11, 1989.
 
 Bernard M. Williams, appellant pro se.
 Eric Karl Gould Fiske, Office of the Attorney General of Virginia, for appellees.
 Before HARRISON L. WINTER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bernard M. Williams, a Virginia inmate, brought this 42 U.S.C. Sec. 1983 action alleging that the procedure used to convict him of a disciplinary infraction was improper and that the conditions in isolation, where he was confined for 12 days, constituted cruel and unusual punishment. The case was tried before a magistrate on the parties' consent pursuant to 28 U.S.C. Sec. 636(c)(3). The magistrate granted the defendants' motion for summary judgment, and we affirm.
 
 
 2
 Williams was involved in a fight with another inmate which was witnessed by a guard. The guard issued a disciplinary infraction citation to Williams charging him with assault. Williams refused to sign the citation because he believed it was inaccurate and incomplete. The disciplinary committee refused to allow Williams to call witnesses because he refused to sign the citation. He was convicted of assault and was sentenced to 15 days isolation and loss of 90 days good time credit.
 
 
 3
 Williams appealed the disciplinary committee's findings based upon his inability to call witnesses. The disciplinary committee's findings were vacated, but no new hearing was scheduled. The record of the offense was expunged from William's prison record and his good time credits were reinstated. During the pendency of the appeal, however, Williams served 12 days in isolation. He alleged that the time spent in isolation was the result of a denial of due process.
 
 
 4
 We do not have to decide, however, whether the 12 days which Williams spent in isolation awaiting his appeal constituted harm. The denial of witnesses in light of Williams's refusal to sign the citation did not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known." Young v. Lynch, 846 F.2d 960, 963 (4th Cir.1988), citing Harlow v. Fitzgerald, 457 F.2d 800, 818 (1982); see also Wolff v. McDonnell, 418 U.S. 539 (1974) (right to call witnesses at prison disciplinary hearing is not absolute). Further, Williams's due process rights were vindicated on appeal. Therefore, this claim is without merit.
 
 
 5
 Finally, as to William's contentions that the conditions in isolation were cruel and unusual, he failed to allege any harm under oath in opposition to the defendants' affidavits refuting his claims. Therefore, the magistrate properly granted the defendants' motion for summary judgment.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not significantly aid in the decisional process.
 
 
 7
 AFFIRMED.